■ MICHAEL THOMAS et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 72579.)—Mercure, J.

On September 9, 1985 the State appropriated claimants' property, consisting of 35.011 acres located at the base of Belleayre Mountain in the Village of Pine Hill, Ulster County. Claimants thereafter filed a claim in the Court of Claims, which, following trial, awarded claimants damages. Claimants then moved for an additional allowance to reimburse their actual and necessary expenditures in litigating the claim. Applying EDPL 701, as amended by the Laws of 1987 (ch 771, § 1, eff Aug. 7, 1987), the Court of Claims awarded claimants $64,868.75 in counsel fees and $6,436.07 in appraisers' fees. The State appeals from the additional judgment entered thereon.

There should be an affirmance. The State's initial prelitigation offer was $92,000. At the trial, however, the State offered proof that the appropriated property had a value of $175,000. The Court of Claims determined that claimants were entitled to $255,000. Because the trial court's award was substantially in excess of the prelitigation offer *(see,* EDPL 701; *Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.],* 160 AD2d 705, 709-710; *see also, Lee-Hi Fuel Corp. v State of New York,* 179 AD2d 494), and the additional award was necessary to achieve just and adequate compensation *(cf., Frisbro Enters. v State of New York,* 145 Misc 2d 397, 398-399; *Matter of New York City Tr. Auth. [Gun Hill Bus Depot],* 142 Misc 2d 629, 634-635), the Court of Claims properly exercised its discretion in awarding claimants an additional allowance pursuant to EDPL 701.

In addition, the Court of Claims properly applied the amendment to EDPL 701 *(see, Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.], supra,* at 707-709; *see also, Lee-Hi Fuel Corp. v State of New York, supra; Matter of City of New York [Long Is. Sound Realty Co.],* 160 AD2d 696, 697; *Town of Esopus v Gordon,* 143 Misc 2d 193, 194-195, *affd* 162 AD2d 829, *lv denied* 77 NY2d 801). Given that EDPL former 701 already provided for the recovery of certain litigation expenses, the amended version did not establish a new right. Rather, it merely broadened the existing remedy and, accordingly, may be considered a remedial statute *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 54 [a]; *Matter of City of New York [Long Is. Sound Realty Co.], supra; see also, Coffman v Coffman,* 60 AD2d 181, 188). As such, the amended version of EDPL 701 is applicable to claimants' motion.

Levine, Crew III, Mahoney and Casey, JJ., concur. Ordered that the additional judgment is affirmed, with costs.