Alice P. Walsh et al., Respondents, v State of New York, Appellant. (Claim No. 65538.)

Third Department, June 18, 1992

## APPEARANCES OF COUNSEL

*Robert Abrams,* Attorney-General *(Michael S. Buskus* and *Peter H. Schiff* of counsel), for appellant.

*Donald A. Walsh* for respondents.

## OPINION OF THE COURT

LEVINE, J.

In 1980, the State appropriated 1.53 acres of claimants' property bordering on the Hudson River in the Town of Schodack, Rensselaer County. Claimants rejected the State's offer of $700 for the property it condemned and timely commenced an action for just compensation in the Court of Claims. Following trial, the Court of Claims awarded claimants $86,948 as just compensation for the appropriated property, plus interest. On appeal by the State, this court affirmed (155 AD2d 832). Thereafter, on January 29, 1990, the Attorney-General issued a certificate of no further appeal with regard to the award *(see,* Court of Claims Act § 20 [6]). Some 10 months later, claimants applied for an additional allowance pursuant to EDPL 701, as amended (L 1987, ch 771), to cover their litigation expenses in prosecuting the claim, including attorney and appraiser fees, on the grounds that the "award [was] substantially in excess of the amount of the condemnor's proof" and that an allowance was "necessary * * * for [them] to achieve just and adequate compensation" (EDPL 701). The State opposed the application on the grounds that (1) the request was time barred under Court of Claims Act § 10 (4) because it was made more than six months after the right to an additional allowance accrued upon the January 29, 1990 final disposition of the condemnation award, (2) the granting of an additional allowance for litigation expenses in this case, in which the claim was filed in 1981, would be an improper retroactive application of the 1987 amendment to EDPL 701, and (3) claimants should not be granted an additional allowance because their proof of just compensation deviated from the ultimate award at least as much as that of the State. The Court of Claims rejected the State's legal arguments, although it did disallow a portion of claimants' appraiser fees. A total

additional allowance was granted in the sum of $68,724.16. This appeal by the State followed.

There should be an affirmance. A literal reading of the statutory provisions does not support the State's contention that an application for an additional allowance under EDPL 701 is subject to the time limitation set forth in Court of Claims Act § 10 (4). Court of Claims Act § 10 (4) requires that certain claims "shall be *filed* within six months after the accrual of such claim" (emphasis supplied). The first, unnumbered paragraph of section 10 provides that no judgment may be granted to a claimant who has not complied with that requirement. Court of Claims Act § 11 sets forth the manner in which a claim must be *filed* with the clerk of the court and served upon the Attorney-General, and the statutory procedures set forth therein are jurisdictional *(see, Lurie v State of New York,* 73 AD2d 1006, 1007, *affd on mem below* 52 NY2d 849). Thus, if the State's argument on the applicability of Court of Claims Act § 10 (4) is to be accepted, a condemnee seeking an additional allowance under EDPL 701 would not only have to apply therefor within six months of the final disposition of the condemnation award, but also meet the formal requirements for the filing of a new claim against the State. EDPL 701, however, clearly contemplates a less formal procedure in which the request for the additional allowance is addressed directly to the court merely "upon application, notice and an opportunity for hearing" (EDPL 701). Thus, the statutory language of EDPL 701 more closely supports the Court of Claims' holding that claimants' request for an allowance was timely because it was merely an application for supplemental relief in a case in which the actual claim had already been timely filed.

The legislative history of EDPL 701 and its statutory predecessors also supports the Court of Claims' interpretation. The additional allowance for litigation expenses under EDPL 701 is expressly made conditional upon the condemnation court's determination of the necessity of the allowance "to achieve just and adequate compensation" (EDPL 701). The purpose of the 1987 amendment was, thus, not to create a new cause of action in favor of a condemnee because of a wide discrepancy between the condemnor's offer and the ultimate award. Rather, the objective was to insure that a condemnee obliged to incur heavy litigation expenses because of an inadequate offer finally obtains an award of just compensation that is not significantly impaired by litigation expenses *(see,* Governor's

Approval Mem, 1987 McKinney's Session Laws of NY, at 2724).

The same concept of a discretionary additional allowance in condemnation proceedings to reimburse an owner for litigation expenses necessitated by the failure of a condemnor to make an adequate offer or any offer has been part of this State's statutory law for over 100 years. Consistent with that purpose, as early as 1890 the former Code of Civil Procedure contained a provision (former Code of Civil Procedure § 3372) authorizing the Supreme Court to grant an additional allowance of costs not to exceed 5% of the award, to be taxed by the clerk in the final judgment in the condemnation case, if the award exceeded the amount of the offer plus interest or no offer had been made (see, Matter of Lake Shore & Mich. S. Ry. Co. v City of Dunkirk, 65 Hun 538, 541). The same provision was inserted in former Condemnation Law § 16 (2) (L 1920, ch 923). Its purpose was "to make the owner whole, that is, to pay his necessary and reasonable legal expenses in obtaining fair compensation for his property so that his award will not be reduced thereby" (New York State Urban Dev. Corp. v Goldfeld, 54 AD2d 1099; see, Matter of Dodge v Tierney, 40 AD2d 936).

Both former Code of Civil Procedure § 3372 and former Condemnation Law § 16 (2) directed that the discretionary additional award to cover litigation expenses authorized therein was to be recovered as a "cost of the proceeding to be taxed by the clerk". Thus, the statutory predecessors to EDPL 701 contemplated that the additional allowance for litigation expenses was to be granted as supplementary relief in the condemnation action. There is nothing whatsoever in the statutory language or legislative history of the present EDPL 701 to suggest any intent to depart from that procedure by creating a new, independent claim for the discretionary additional allowance.

Acceptance of the State's argument that claimants' application is time barred by Court of Claims Act § 10 (4) would also have the effect of creating an anomaly in which a condemnee in an action under the EDPL in the Court of Claims would be subject to more onerous time limitations and procedures for applying for a statutory additional allowance than one in a condemnation proceeding before another court. This would violate one of the purposes of the EDPL "to ensure equal treatment to all property owners" in condemnation matters (EDPL 101) and the promise that the EDPL "creates a uni-

form and equitable procedure" regarding condemnations by all units of government in the State (Governor's Approval Mem, 1977 McKinney's Session Laws of NY, at 2529). For all the foregoing reasons, we agree with the Court of Claims that the additional allowance awarded claimants pursuant to EDPL 701 was not time barred.

The State's remaining points do not require extended discussion. Our previous holding in *Thomas v State of New York* (179 AD2d 945) forecloses the State's contention that granting the additional allowance herein constitutes an impermissible retroactive application of the 1987 amendment to EDPL 701 *(see also, Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.],* 160 AD2d 705, 709; *Matter of City of New York [Long Is. Sound Realty Co.],* 160 AD2d 696, 697). Nor are we persuaded by the State's final argument that the balance of discretionary factors do not favor the award of an additional allowance in this case. The Court of Claims could reasonably conclude that because of the enormous discrepancy between the State's offer and the fair market value of claimants' property as ultimately found by the court, there was indeed a necessity for claimants to incur their litigation expenses in order to achieve just and adequate compensation. Additionally, the Court of Claims, quoting *Frisbro Enters. v State of New York* (145 Misc 2d 397, 399), disallowed a portion of claimants' appraiser's fees to the extent that they constituted expenses "undertaken with the hope of recovering a far greater amount than actually realized". In our view, the State has failed to demonstrate any abuse of discretion in the manner in which the court weighed the relevant factors *(see, Thomas v State of New York, supra,* at 946).

Finally, we decline to consider the holding by the Fourth Department in *Niagara Mohawk Power Corp. v Great Bend Aggregates* (181 AD2d 998), cited by the State on the oral argument of this appeal, that a claim for an additional allowance under EDPL 701 must be made prior to the entry of final judgment because this objection was never raised in the Court of Claims and would be inconsistent with the position heretofore taken by the State in these proceedings.

WEISS, P. J., MIKOLL, MERCURE and CASEY, JJ., concur.

Ordered that the additional judgment is affirmed, with costs.