■ In the Matter of ROBERT A. HOFFMAN, Appellant, v TOWN OF MALTA, Respondent.—Harvey, J. Appeal from that part of an order of the Supreme Court (Brown, J.), entered November 14, 1992 in Saratoga County, which granted claimant's motion pursuant to EDPL 701 for an additional allowance for counsel fees.

This condemnation proceeding concerns approximately 4.5 acres of real property formerly owned by claimant that respondent duly acquired pursuant to the EDPL. Respondent initially offered claimant $55,000 for the property. Claimant accepted this amount (and a further amount later proffered by respondent) solely as an advance payment. Claimant then retained counsel on a contingent-fee basis and commenced this proceeding for damages. Under this contingent-fee arrangement, claimant's counsel was to receive 25% of any recovery in excess of the $55,000 offer. Following a trial on the issue of valuation, Supreme Court found the fair market value of the land to be $263,947. When interest was added the final

amount awarded to claimant totaled $321,904.28, minus any amounts already received. Claimant thereafter moved pursuant to EDPL 701 for, *inter alia,* an additional allowance of $66,726.07 (25% of the award) for counsel fees incurred in prosecuting his claim against the State. Respondent opposed this request and Supreme Court ultimately found that the counsel fees paid by claimant were unreasonable and that counsel fees should be awarded based on the amount of $125 per hour for the 160 1/4 hours worked by counsel. Claimant was thereafter awarded $20,031.25 and this appeal followed.

Claimant contends that Supreme Court erred by not awarding him the counsel fees incurred based upon his agreement with counsel. Under the particular circumstances of this case, we must agree with claimant. Notably, EDPL 701 provides the court with the discretionary power to award a claimant an amount for reasonable counsel fees "actually incurred" where necessary to insure that the claimant achieves just and adequate compensation in cases where the order or award is substantially in excess of the amount initially offered to the claimant by the State *(see, Matter of Malin v State of New York,* 183 AD2d 899, 900). An award of counsel fees pursuant to EDPL 701 should be upheld absent an abuse of discretion *(see, Walsh v State of New York,* 180 AD2d 290, 294).

Here, however, we find such an abuse of discretion based on the proof actually before Supreme Court. Notably, contingency fee arrangements are an acceptable factor to be considered by the courts in determining reasonable counsel fees *(see, Matter of New York City Tr. Auth.,* 150 Misc 2d 917, 921). In fact, claimant's counsel averred that the typical contingent fee charged by attorneys in similar cases is 33⅓% of the final amount, not 25% as in this case. Unquestionably, the ultimate award to claimant by Supreme Court was substantially greater than respondent's initial offer *(see, Thomas v State of New York,* 179 AD2d 945, 946). Further, the value assigned to the property by claimant's expert was within 21% of the actual award and, therefore, it cannot be said that claimant incurred his expenses in an effort to obtain an award far greater than the actual award *(see, Matter of New York City Tr. Auth., supra,* at 921-922). More significantly, however, we note that there is no evidence in the record to support Supreme Court's finding that the customary charge in the area would be $125 per hour. Accordingly, because it appears from the proof that the contingency-fee arrangement was reasonable under the circumstances and Supreme Court's

conclusions were unsupported by the record, we find that claimant's motion should have been granted in its entirety *(see, Matter of Malin v State of New York, supra)*.

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Ordered that the order is modified, on the law, with costs to claimant, by awarding counsel fees in the amount of $66,726.07, and, as so modified, affirmed.