OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 These cases require review of the application of EDPL 701, which in a condemnation action authorizes a discretionary grant of costs, including attorney and expert fees, to a con
 
 *395
 
 demnee who is awarded an amount substantially in excess of the condemnor’s initial offer.
 

 Hakes v State of New York
 

 In 1981, the Hakes claimants purchased a 23-acre parcel of land in Steuben County for $14,000. In August 1982 and March 1983, the State appropriated 19.46 acres, for which it offered claimants $13,450. The highest and best use of the property was mining mineral deposits, with some residential potential along road frontage.
 

 Claimants contested the value offered by the State, filing a claim for damages in the amount of $588,000. At trial, the State’s appraiser assigned the property a preappropriation value of $17,570. Claimants’ appraiser testified that the subject property had a precondemnation value of $359,200 and that claimants had sustained damages of $333,200. The court concluded that the testimony of claimants’ appraiser as to market value was not based on comparable properties and thus completely discounted that testimony. However, concluding that the State had nonetheless undervalued the property, the court awarded claimants $43,525.
 

 Claimants subsequently moved pursuant to EDPL 701 for reimbursement of expenses totalling $18,204.50: $5,000 for the appraisal, $1,621.50 for other expenses related to the appraisal, $1,049 for a geologic report, $642 for the trial transcript, $9,750 for attorney fees and $142 for attorney travel expenses. Noting that its power was discretionary, the Court of Claims awarded $2,642 for attorney fees and travel costs, holding the other fees related solely to proof of a "preposterous” value that was of no use to the court in its final determination. The Appellate Division modified to increase the attorney fee award to $5,000, and otherwise affirmed.
 

 First Bank & Trust Co. v State of New York
 

 The First Bank claimants owned 857 acres of land, also in Steuben County. The land was divided into five parcels (A, B, C, D and E) with a claimed unity of use and ownership. Proof at trial centered on two of these parcels: Parcel A, which contained a sand and gravel mining and processing plant, a concrete batch plant and mineral deposits to be mined, and Parcel B, which contained 1,800,000 cubic yards of mineral reserves to be mined. In August 1982, the State appropriated Parcel B.
 

 The State initially offered $51,400 for the condemnation of
 
 *396
 
 Parcel B; claimants disputed that value and filed a claim for $2,706,865. Their claim had two elements: loss of the direct value of the land — $833,800—and damages stemming from the adverse effects of the condemnation on Parcel A — $1,526,603.
 

 At trial, the State’s proposed value was decreased to $11,350, on the theory that Parcel B was landlocked and had a highest and best use only as recreational or agricultural land. Apparently, in 1962, the State had appropriated the right-of-way to Parcel B, leaving it technically inaccessible. However, the appropriation map was never served on the owner of Parcel B or his successors and the right-of-way was not blocked. Claimants took the position that there was access, and reiterated their claim of direct damages of $833,800 and indirect damages to Parcel A of $1,526,603. The Court of Claims decided that claimants did enjoy access to Parcel B but found no indirect or consequential damages to Parcel A, concluding that Parcel A had sufficient mineral reserves of its own. The court therefore valued the land at $151,300.
 

 Claimants thereafter requested reimbursement for $98,299.48 under EDPL 701 — $10,701.16 for one appraiser, $31,025 for a second appraiser, $15,634.42 for engineering fees and $39,000 in attorney fees. While noting that none of these fees were unreasonable for the work performed, the court exercised its discretion and made no award. The court based its denial of reimbursement on its conclusion that claimants’ fees were expended primarily in an unrealistic attempt to prove consequential damages to a nonappropriated parcel. Since that theory was rejected and had no bearing on the actual damages awarded, the court explained that it would not reimburse the fees. While noting that a fee award could be warranted for claimants’ efforts in disputing the lack of access to Parcel B, the court explained it would not make such award in the absence of evidence of fees and costs expended on that point. The Appellate Division again affirmed.
 

 Analysis
 

 Pursuant to EDPL 701:
 

 "In instances where the order or award is substantially in excess of the amount of the condemnor’s proof and where deemed necessary by the court for the condemnee to achieve just and adequate compensation, the court, upon application, notice and an opportunity for hearing, may in its discretion,
 
 *397
 
 award to the condemnee an additional amount, separately computed and stated, for actual and necessary costs, disbursements and expenses, including reasonable attorney, appraiser and engineer fees, actually incurred by such condemnee”.
 
 *
 

 The statute assures that a condemnee receives a fair recovery by,providing an opportunity for condemnees whose property has been substantially undervalued to recover the costs of litigation establishing the inadequacy of the condemnor’s offer. The statute, however, also vests the trial court with discretion, in order to limit both the incentive for frivolous litigation and the cost of acquiring land through eminent domain
 
 (see,
 
 Governor’s Mem Approving Bill, 1987 McKinney’s Session Laws of NY, at 2724).
 

 The statute follows State tradition: applications for additional allowances in condemnation proceedings have long been discretionary
 
 (see, Matter of County of Westchester v Baruch,
 
 247 NY 398, 401 [applying former Condemnation Law § 16]). The discretionary nature of the present statutory provision may be traced to a comprehensive study by the Law Revision Commission of a variety of provisions for expense reimbursement in condemnation proceedings — some discretionary and some mandatory — which recommended continuance of broad discretion as opposed to any rigid system
 
 (see,
 
 Recommendation of the Law Revision Commission to the 1985 Legislature, 1985 NY Legis Doc No. 65 [K], reprinted in 1985 McKinney’s Session Laws of NY, at 2833-2872). Indeed, the Commission recommended against an automatic award of fees and expenses so as to avoid creating an incentive to condemnees to litigate.
 

 The statute requires two determinations: first, whether the award is "substantially in excess of the amount of the condemnor’s proof’ and second, whether the court deems the award necessary "for the condemnee to achieve just and adequate compensation.” Where both tests are satisfied, the court
 
 may
 
 award reasonable fees.
 

 As there is no dispute that the awards in both cases were substantially in excess of the condemnor’s proof, we consider only the court’s determination with respect to the second prong — whether reimbursement was necessary for the con
 
 *398
 
 demnee to receive just and adequate compensation. We may of course review the court’s exercise of discretion only for an abuse
 
 (see, e.g., Matter of State of New York [Abrams] v Ford Motor Co.,
 
 74 NY2d 495, 502;
 
 Patron v Patron,
 
 40 NY2d 582, 584).
 

 Claimants urge that the court incorrectly considered the "comparative reasonableness” of the parties’ valuations and in effect penalized claimants for advancing an unacceptable valuation theory. They argue that this action chills claimants’ exercise of their right to challenge a condemnation award, thus infringing on their constitutional right to just compensation for the property taken.
 

 Claimants’ argument is misplaced. While condemnees are undoubtedly entitled under the State and Federal Constitutions to just compensation for property taken by the State, they received such compensation in the awards based on property value. The fees and costs allowed under EDPL 701 are not an automatic part of such compensation. To the contrary, we have long held that attorney fees and additional costs are "mere[ ] incidences of litigation” and are not embraced in the constitutional right
 
 (City of Buffalo v Clement Co.,
 
 28 NY2d 241, 262-264). The Legislature’s determination to allow such fees and costs — in the discretion of the court — does not establish a new entitlement but merely allows a court in condemnation cases to ameliorate the condemnee’s costs in cases it considers appropriate.
 

 In each case, the Court of Claims set forth a thorough and articulate rationale for the decision. There was no abuse of discretion.
 

 Accordingly, in each action, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
 

 In each case: Order affirmed, with costs.
 

 *
 

 This provision is considered as amended in 1987. We make no determination as to the statute’s retroactive effect, since in this Court the parties do not dispute applicability of the amended statute.