[613 NYS2d 743]

FLOYD J. TAYLOR et al., Respondents, v STATE OF NEW YORK, Appellant. (And Four Other Related Claims.)

Third Department, June 23, 1994

APPEARANCES OF COUNSEL

*G. Oliver Koppell, Attorney-General,* Albany *(Michael S. Buskus* of counsel), for appellant.

*Joseph C. Shapiro,* Margaretville, for respondents.

### OPINION OF THE COURT

PETERS, J.

In these five separate condemnation claims, all consolidated for purposes of this appeal, an identical issue arises as a result of the Court of Claims' award of additional allowances pursuant to EDPL 701: whether a claimant's execution of a satisfaction of judgment with respect to an underlying condemnation claim precludes that claimant from making an application to the Court of Claims for an additional allowance.*

In each of these condemnation claims, the State initially made a settlement offer and the Court of Claims ultimately awarded each claimant more than such offer plus interest. Neither the State nor claimants appealed from these judgments and each claimant forwarded a signed satisfaction of judgment, along with a waiver of attorney's lien, to the Comptroller. In all such cases, claimants received payment of the judgment and thereafter made, by notice of motion, an application for an additional allowance pursuant to EDPL 701. In each case, the State opposed the motion contending, *inter alia,* that the execution of the satisfaction of judgment precluded claimants from seeking the additional allowance. The Court of Claims rejected this argument on each occasion and awarded claimants an additional allowance. The State now appeals from these additional judgments contending, *inter alia,* that such awards pursuant to EDPL 701 are barred due to the execution of the satisfactions of judgment. We disagree.

---

* In these consolidated appeals, the propriety of the Court of Claims' award of additional allowances pursuant to the criteria set forth in EDPL 701 is not at issue. EDPL 701 provides as follows: "In instances where the order or award is substantially in excess of the amount of the condemnor's proof and where deemed necessary by the court for the condemnee to achieve just and adequate compensation, the court, upon application, notice and an opportunity for hearing, may in its discretion, award to the condemnee an additional amount, separately computed and stated, for actual and necessary costs, disbursements and expenses, including reasonable attorney, appraiser and engineer fees actually incurred by such condemnee. The application shall include affidavits of the condemnee and all parties that have incurred expenses on the condemnee's behalf, setting forth inter alia the amount of the expenses incurred."

Pursuant to EDPL 701, it is well settled that a claimant's right to an additional allowance does not accrue until there is either an award, order or judgment in the underlying condemnation proceeding (see, Lee-Hi Fuel Corp. v State of New York, 179 AD2d 494; see also, Pyle v State of New York, 185 AD2d 649). In support of its contention that such award must be made as part of the original proceeding and be incorporated into the final judgment, the State relies upon the Fourth Department's decision in Niagara Mohawk Power Corp. v Great Bend Aggregrates ([Appeal No. 2] 181 AD2d 998).

Although we find such case factually analogous, it arose in the context of a Supreme Court proceeding. In applying the well-established principles of claim preclusion, the Fourth Department held that the respondent was barred from raising an issue in a second proceeding which it could have raised in the underlying condemnation proceeding (supra, at 998-999, citing Adventurers Whitestone Corp. v City of New York, 65 NY2d 83, 89-90, appeal dismissed 474 US 935). Since Adventurers Whitestone Corp. v City of New York (supra) did not address a claim for an additional allowance pursuant to EDPL 701, but rather a claim for a higher rate of interest which admittedly should have been raised in the original condemnation proceeding, we find the ruling therein not determinative of the issue presented here. Moreover, the Court in Niagara Mohawk Power Corp. v Great Bend Aggregates (supra, at 999) further noted that since neither an action nor a special proceeding was pending before Supreme Court at the time the application was made, that court did not have jurisdiction to entertain an action commenced by notice of motion.

Although we have not squarely addressed whether an application made pursuant to EDPL 701 must be made prior to execution of a satisfaction of judgment, it is clear that we have heretofore entertained appeals from additional judgments awarded by the Court of Claims pursuant to EDPL 701 after the entry of a judgment without questioning such court's jurisdiction (see, e.g., Walsh v State of New York, 180 AD2d 290; Thomas v State of New York, 179 AD2d 945). In reviewing the legislative history of EDPL 701, we note the absence of guidance therein as to the procedure contemplated by the drafters when seeking such an award. We do, however, note that the Assembly sponsor of such legislation was G. Oliver Koppell, the current Attorney-General, who so cogently noted "the need to enact this legislation in the interest of fairness and equity" (letter to E. Davis, Counsel to Governor, July 24,

1987, Bill Jacket, L 1987, ch 771). In urging its enactment, the Assembly sponsor stated as follows: "The right to take private property for a public purpose is an awesome power of government. The only protection that a person whose property is being taken without his consent has is the constitutional requirement that just compensation be paid. It is submitted that just compensation means the value of the property and not the value diminished by the cost imposed upon the condemnee by way of attorney, appraisal and engineering fees where these are necessary in order to obtain an adequate payment. There is an obligation on the part of government to deal fairly with the citizenry" (ibid.; see, Governor's Approval Mem, 1987 McKinney's Session Laws of NY, at 2724; see also, Walsh v State of New York, supra, at 292-293.)

Hence, since it is only after the proceeding is finally and conclusively terminated by way of appeal or otherwise that a claimant can adequately assess the totality of the costs contemplated so as to not diminish the value of the property taken, we conclude that there is nothing in the language of EDPL 701 or its legislative history which would mandate that such application be made prior to the execution of a satisfaction of judgment or by a procedure different from that currently instituted in a condemnation proceeding before the Court of Claims. As to any claim that the execution of a satisfaction of judgment in the underlying condemnation proceeding precludes a right to seek an additional allowance pursuant to EDPL 701, we find such contention to be without merit. The additional allowance awarded pursuant to EDPL 701 is simply supplementary relief and not a new and independent claim (see, Walsh v State of New York, supra, at 293; see also, Thomas v State of New York, supra, at 946), which clearly would be barred by the execution of a satisfaction of judgment.

Accordingly, we affirm the additional judgments of the Court of Claims with respect to each of the five claims consolidated on this appeal.

MIKOLL, J. P., CREW III, WHITE and YESAWICH JR., JJ., concur.

Ordered that the additional judgments are affirmed, with costs.