■ In the Matter of CITY OF YONKERS, Appellant-Respondent, v CELWYN Co., INC., Respondent-Appellant, et al., Respondent. [633 NYS2d 578] —In an eminent domain proceeding, (1) the condemnor appeals from a judgment of the Supreme Court, Westchester County (Palella, J.), dated December 16, 1993, as amended March 9, 1994, which is in favor of the condemnees and against it in the principal sum of $4,640,000, (2) the condemnee Celwyn Co., Inc., cross-appeals from so much of the same judgment, as amended, as failed to set prejudgment interest at the rate of 7.86% and failed to grant additional allowances pursuant to EDPL 701, and (3) the condemnee Celwyn Co., Inc., appeals from an order of the same court, entered

December 23, 1993, which denied additional allowances pursuant to EDPL 701 and prejudgment interest at the rate of 7.86%.

Ordered that the judgment, as amended, is modified by adding thereto a decretal paragraph awarding the condemnees additional allowances pursuant to EDPL 701 for (1) an appraisal fee in the sum of $26,750, (2) an engineering fee in the sum of $16,097.32, and (3) attorneys' fees in the sum of $315,533.16; as so modified, the judgment, as amended, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order entered December 23, 1993, is modified by deleting the provision thereof which denied the branch of the condemnees' motion which was for additional allowances pursuant to EDPL 701 and substituting therefor a provision granting that branch of the motion; as so modified the order is affirmed; and it is further,

Ordered that the respondent-appellant is awarded one bill of costs.

The award was properly based upon the floor-area-ratio methodology since the highest and best use of the property was for an office building under the applicable zoning laws and there was a reasonable probability of obtaining necessary approvals or variances (see, Matter of Town of Islip [Mascioli], 49 NY2d 354, 360; Matter of Shorefront High School [Rudnick], 25 NY2d 146, 149, remittitur amended 26 NY2d 748; St. Agnes Cemetery v State of New York, 3 NY2d 37, 41; Chase Manhattan Bank v State of New York, 103 AD2d 211, 216-217).

In light of the condemnor's initial offer of $2,000,000, which was $455,000 less than the appraisal it submitted at trial and 132% less than the ultimate award of $4,640,000, the award was substantially in excess of the condemnor's proof and an allowance for reasonable attorneys', appraisal, and engineering fees is necessary for the condemnee to receive just and adequate compensation in this case (see, EDPL 701; Hakes v State of New York, 81 NY2d 392, 397-398; Matter of Williamsburgh II Urban Renewal Area, 208 AD2d 548; Matter of E.D.J. Quality Realty Corp. v Village of Massapequa Park, 204 AD2d 321; Matter of Hoffman v Town of Malta, 189 AD2d 968, 969; Scuderi v State of New York, 184 AD2d 1073). Accordingly, we modify the judgment, as amended, and the order entered December 23, 1993, to award the condemnee the entire actual amount of appraisal and engineering fees, which we find to be reasonable. As to the attorneys' fees as calculated pursuant to the sliding-scale contingency retainer agreement, we find one half of the amount requested to be reasonable.

We have considered all of the parties remaining contentions

and find them to be without merit. Sullivan, J. P., Altman, Hart and Friedmann, JJ., concur.