■ In the Matter of NEW YORK CONVENTION CENTER DEVELOPMENT CORPORATION, Relative to Acquiring Title to Certain Real Property Generally Bounded by 30th and 39th Streets and 11th & 12th Avenues, Respondent-Appellant. RECYCLING FOR HOUSING PARTNERSHIP, Appellant-Respondent. [651 NYS2d 479] —Judgment, Supreme Court, New York County (Stanley Parness, J.), entered January 7, 1993, which granted claimant-respondent's application to recover costs and attorney's fees, pursuant to EDPL 701, only to the extent of awarding $82,500, is unanimously modified, on the law, the facts and in the exercise of discretion, to increase the awards to claimant to $120,250 for attorney's fees, $38,979 for appraisal fees, $3,792 for expenses, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Initially, we find that the trial court's decision to award $40,000 in attorney's fees to be arbitrary and an abuse of discretion in light of the extreme length of this proceeding, the fact that the contingency fee sought herein is manifestly reasonable in that it seeks only 25% of part of the total recovery (as opposed to the standard $33^1/3$% of the entire recovery), coupled with the fact that the extent of the fee is largely attributable to petitioner's having originally undervalued the building so severely and, as found by the trial court, without a competent basis. Accordingly, we award the maximum fee allowed by the contingency agreement which is calculated as 25% of the difference between $921,000 (the court award) and $500,000, which equals $105,250, plus $15,000 as additional fees under the retainer agreement, for a total award of attorney's fees of $120,250.

We also find the respondent is entitled to the full amount sought for appraisal fees as there is no indication in the record that the fee was in any way excessive or that it includes charges for inappropriate services. Further, the court incor-

rectly discounted that fee based on the fact that it followed only one of the three valuation methods proposed by respondent's appraisers, whereas it is customary and appropriate for appraisers to proffer several approaches to a valuation as a means to cross-check their conclusion. As a result, respondent is awarded appraisal fees of $38,979. Respondent is also awarded expenses of $3,792 as the court, improperly, reduced those expenses purportedly because most of the respondent's expert testimony was rejected. A review of the record belies that conclusion and reveals that it was petitioner's testimony that was characterized by the trial court as "test[ing] every bound" and "attack[ing] logic."

We agree with the IAS Court's award of $25,000 for fees and expenses on appeal and we reject petitioner's contention that any award under EDPL 701 was improper because respondent did not apply for such relief until after it filed a satisfaction of judgment, as there is no indication in the record to contradict respondent's assertion that no satisfaction of judgment was, in fact, filed. Concur—Milonas, J. P., Wallach, Kupferman, Tom and Andrias, JJ.