*25 OPINION OF THE COURT
Ciparick, J.
In fairness to a private property owner forced to litigate the value of its property when the State comes forward with an unreasonably low offer in effecting a taking of that property, the Legislature enacted section 701 of the Eminent Domain Procedure Law. This section allows the owner to apply for allowances — litigation costs expended to ensure just compensation. The question in this case is whether an application for allowances must be brought by the claimant before, or after, the entry of the judgment determining the property’s value. In light of the purpose of the statute, we conclude that the application for allowances can, but need not be brought after the entry of a valuation judgment.
The property taken in this case was claimant’s bituminous concrete plant in Rochester, which made way for improvements to Interstate 580. After the State came forward with an offer of $158,250, General Crushed Stone filed an appropriation claim in the Court of Claims. After several years of pretrial proceedings, the parties stipulated to the value of the land ($100,000) and to the amount that would be necessary to replace or reproduce the plant new ($1,546,125). Because the appropriate appraisal methodology for this “specialty” property, as the *26 Court of Claims held the plant to be, was “replacement cost new less depreciation,” the parties’ stipulation did not resolve their dispute. The parties agreed on the replacement cost new, but could not agree on the appropriate amount of depreciation, which would be key to determining how much value claimant lost as a result of the taking.
The depreciation amount was hotly contested at trial. Claimant’s appraiser posited that after accounting for depreciation claimant lost $1,010,000, whereas the State’s appraiser opined that there was much more depreciation, resulting in a loss of only $229,600. After trial, by order dated October 18, 1995, the Court of Claims agreed with claimant, finding the State’s analysis flawed. A judgment in the amount of $1,741,992.31 (including interest) was entered on April 12, 1996.
Valuation of the property is not before this Court. Instead, the only issue here is whether claimant’s application for an additional allowance under EDPL 701 was timely, given that it was dated May 24, 1996, after the entry of judgment and after the Attorney-General certified that the State would not be appealing the judgment as to valuation. Under constraint of the decisions in Ross Lawn Equip. v State of New York (213 AD2d 1076) and Niagara Mohawk Power Corp. v Great Bend Aggregates (181 AD2d 998), both the Court of Claims and the Appellate Division held that claimant’s application was untimely and that any allowable costs should have been incorporated into the final judgment. We reverse.
The text of section 701 has no limitation for the timing of an application for an additional allowance. The statute reads:
“In instances where the order or award is substantially in excess of the amount of the condemnor’s proof and where deemed necessary by the court for the condemnee to achieve just and adequate compensation, the court, upon application, notice and an opportunity for hearing, may in its discretion, award to the condemnee an additional amount, separately computed and stated, for actual and necessary costs, disbursements and expenses, including reasonable attorney, appraiser and engineering fees actually incurred by such condemnee” (EDPL 701).
The section assures that “a condemnee receives a fair recovery by providing an opportunity for condemnees whose property *27 has been substantially undervalued to recover the costs of litigation establishing the inadequacy of the condemnor’s offer” (Hakes v State of New York, 81 NY2d 392, 397). As the statute makes clear, the inadequacy of the condemnor’s offer is shown by comparing it to the actual award valuing the property. For good reason, the court’s determination of the property’s value must be complete before the inquiry regarding allowances under the statute is possible. If an appeal is taken, the amount of the award could change, directly bearing on whether the award is “substantially in excess” of the State’s offer.
The current section also reflects a 1987 amendment that expanded the types of fees and costs recoverable. Instead of being able to recover only “extraordinary expenses for expert witnesses fees beyond the expense for the preparation of an expert witness’ appraisal report” in certain limited circumstances, a condemnee now may recover a wider array of litigation costs, including attorney, appraiser and engineering fees (see, EDPL former 701, L 1977, ch 839, § 1). These litigation costs could not be tabulated if the litigation generating those costs had yet to conclude.
Moreover, the purpose of the amendment was to ease the “strict limits on recoverable costs” so that a condemnee would not be forced “to accept a condemnor’s offer even if he or she believes that it does not constitute just compensation” (see, Governor’s Approval Mem, Bill Jacket, L 1987, ch 771, § 1, reprinted in 1987 McKinney’s Session Laws of NY, at 2724). The Law Revision Commission viewed the changes as “necessary to guarantee fair treatment of condemnees as unwilling litigants who find their property subject to a condemnor’s power of eminent domain” (Law Rev Commn Mem in Support, Bill Jacket, L 1987, ch 771, § 1, reprinted in 1987 McKinney’s Session Laws of NY, at 1993). While this Court and the United States Supreme Court have both determined that reimbursement of litigation expenses does not fall within the constitutional right of just compensation for a taking, this fact cannot undercut the Legislature’s clear statutory directive that “just and adequate compensation” cannot be achieved where the ultimate award is significantly impaired by costs necessary to demonstrate that the condemnor’s offer was substantially lower than it should have been (see, Hakes v State of New York, supra, 81 NY2d, at 398; Taylor v State of New York, 200 AD2d 273; Walsh v State of New York, 180 AD2d 290; United States v Bodcaw Co., 440 US 202). Allowances under section 701 merely provide a means of mitigating the financial damage wrought by the condemnor’s low, original offer.
*28 We would disrupt the important remedial purpose of section 701 if we were to hold that an application for allowable costs must be brought before, and incorporated into, the judgment determining the property’s value. Although nothing in the statute prohibits such a conclusion, nothing compels it either. We thus determine that an application for allowances under section 701 of the Eminent Domain Procedure Law can properly be brought before or after entry of judgment on the taken property’s value, or after any appeal. Additionally, payment by the State of the amount due does not compromise the right to apply for allowances. Nothing in law or policy sets such a limitation.
In this case, claimant brought its application for allowances only after it received certification that the State would not appeal. Having thus ascertained that the amount of the award would not vary, its timing was entirely proper; a court would then be able to compare the State’s initial proof of value and the actual award as required by the statute. The fact that in this case the State concedes that the actual award was substantially in excess of its initial offer does nothing to change this result.
There being no automatic right to recover additional costs in defending the value of a landowner’s property, we remit this matter to the trial court to determine whether, in accordance with the statute, claimant may recover the additional allowances sought.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to the Court of Claims for further proceedings in accordance with this opinion.
Chief Judge Kaye and Judges Bellacosa, Smith, Wesley and Rosenblatt concur; Judge Levine taking no part.
Order reversed, etc.