In the Matter of CITY OF NEW YORK, Respondent, v JAMAICA ARMS HOTEL, INC., Appellant. [845 NYS2d 796]—

In an eminent domain proceeding, inter alia, to condemn certain real property, in which Jamaica Arms Hotel, Inc., made a claim to recover compensation for the taking, the claimant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Rios, J.), entered July 13, 2006, as, upon an order of the same court dated June 1, 2006, granting that branch of its motion which was for an additional allowance pursuant to EDPL 701 for attorney's fees incurred in pros-

ecuting a prior appeal, awarded it the principal sum of only $102,790.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the claimant's contention, the Supreme Court providently exercised its discretion in determining that the attorney's fees for the work performed in prosecuting a prior appeal in this Court (*see Matter of City of New York v Jamaica Arms Hotel, Inc.*, 14 AD3d 699 [2005]) should be calculated according to the same retainer agreement for the work performed for the underlying trial (*see Hakes v State of New York*, 81 NY2d 392, 397-398 [1993]). The Supreme Court was not bound by the one-third contingency fee retainer agreement entered into by the claimant for representation in the prior appeal; it was only required to assess reasonable attorney's fees (*see Matter of New York Convention Ctr. Dev. Corp. [Recycling for Hous. Partnership]*, 234 AD2d 167 [1996]; *Matter of City of Yonkers v Celwyn Co.*, 221 AD2d 437, 438 [1995]; *Matter of New York State Urban Dev. Corp.*, 183 Misc 2d 900, 904 [2000]). Under the circumstances of this case, where most of the arguments set forth by the claimant's counsel in the prior appeal concerning the use and valuation of the condemned property were unsuccessful, and the claimant failed to demonstrate that the work performed on appeal was more complicated or laborious than the work performed at trial, the Supreme Court's award for attorney's fees as an additional allowance pursuant to EDPL 701 was reasonable and should not be disturbed (*see Hakes v State of New York*, 81 NY2d at 397-398; *Matter of Estate of Haynes v County of Monroe*, 278 AD2d 823, 825 [2000]; *Matter of Village of Johnson City [Waldo's, Inc.]*, 277 AD2d 773, 775 [2000]; *Matter of City of New York [China Plaza Co.]*, 254 AD2d 210 [1998]; *Wertheimer v State of New York*, 231 AD2d 897, 897-898 [1996]; *First Bank & Trust Co. of Corning v State of New York*, 184 AD2d 1034, 1035 [1992], *affd* 81 NY2d 392 [1993]). Rivera, J.P., Covello, Balkin and McCarthy, JJ., concur.