■ In the Matter of CITY OF LONG BEACH, Appellant, v SUN NLF LIMITED PARTNERSHIP et al., Respondents, and LOUIS BOMBART et al., Respondents. [45 NYS3d 494]—

Appeal from a judgment of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 10, 2014. The judgment awarded Steve Silverberg and Louis Bombart attorneys' fees in the sum of $1,375,000 and experts' fees and costs and disbursements in the sum of $98,889.36.

Ordered that the judgment is modified, on the law and in the exercise of discretion, by deleting the provision thereof awarding experts' fees and costs and disbursements in the sum of $98,889.36, and substituting therefor a provision awarding experts' fees and costs and disbursements in the sum of $35,450; as so modified, the judgment is affirmed, without costs or disbursements.

In this condemnation proceeding, the condemnor, the City of Long Beach, initially offered to pay Steve Silverberg and Louis Bombart (hereinafter the claimants) $3 million as compensation for the taking of their real property and made an advance payment in that amount. After a nonjury trial, the Supreme Court determined that the principal sum of $8.5 million constituted just compensation for the taking of the claimants' real property and entered a judgment awarding the claimants the principal sum of $5.5 million, representing the just compensation award less the advance payment. On a prior appeal, this Court upheld that award, modifying only the prejudgment interest awarded (see Matter of City of Long Beach v Sun NLF Ltd. Partnership, 124 AD3d 651 [2015]).

Meanwhile, after the entry of the judgment, the claimants moved, pursuant to EDPL 701, for an additional allowance of $2,189,925.07 in attorneys' fees, $31,250 in appraisal fees, $38,463.07 in engineering fees, $4,200 in surveyor fees, and costs and disbursements in the amount of $24,976.29. The Supreme Court granted the motion to the extent of awarding $1,375,000 in attorneys' fees and the total sum sought for experts' fees and costs and disbursements, $98,889.36. In awarding attorneys' fees, the court relied on the contingency fee arrangement in counsel's retainer agreement, which provided for a fee equal to 25% of the excess of the award over the advance payment, but the court made the fee award exclusive of interest. The court further determined that the remaining request of $98,889.36 in experts' fees and costs and disbursements was also reasonable. The City appeals.

EDPL 701 "assures that a condemnee receives a fair recovery by providing an opportunity for condemnees whose property has been substantially undervalued to recover the costs of litigation establishing the inadequacy of the condemnor's offer" (Hakes v State of New York, 81 NY2d 392, 397 [1993]). The

statute requires two determinations: "first, whether the award is 'substantially in excess of the amount of the condemnor's proof' and second, whether the court deems the award necessary 'for the condemnee to achieve just and adequate compensation' " (*id.* at 397, quoting EDPL 701). "Where both tests are satisfied, the court *may* award reasonable fees" (*Hakes v State of New York*, 81 NY2d at 397; *see Matter of Village of Port Chester [Bologna]*, 137 AD3d 802, 803 [2016]).

Preliminarily, contrary to the City's contention, the claimants' application for an additional allowance was not premature, as such an application "can properly be brought before or after entry of judgment on the taken property's value, or after any appeal" (*General Crushed Stone Co. v State of New York*, 93 NY2d 23, 28 [1999]). A claimant need not await the outcome of any appeal (*see id.* at 28; *Gyrodyne Co. of Am., Inc. v State of New York*, 89 AD3d 988 [2011]; *Matter of Gelsomino v City of New Rochelle*, 25 AD3d 554 [2006]).

The condemnation award was substantially in excess of the amount of the City's proof, and the Supreme Court providently exercised its discretion in determining that an additional award for attorneys' fees was necessary for the claimants to receive just and adequate compensation (*see generally Hakes v State of New York*, 81 NY2d at 398). Contingency fee arrangements are an acceptable factor to be considered by the court in determining reasonable counsel fees (*see Matter of New York Convention Ctr. Dev. Corp. [Recycling for Hous. Partnership]*, 234 AD2d 167 [1996]; *Matter of Town of Riverhead v Lobozzo*, 207 AD2d 789, 790 [1994]; *Matter of Hoffman v Town of Malta*, 189 AD2d 968, 969 [1993]). Here, the contingency fee of 25% of the excess award over the advance payment was reasonable in light of the City's undervaluation of the properties and the effort required to establish the highest and best use of the properties (*see Matter of New York Convention Ctr. Dev. Corp. [Recycling for Hous. Partnership]*, 234 AD2d at 167; *Matter of Hoffman v Town of Malta*, 189 AD2d at 969). Further, while the claimants proffered a valuation in excess of the ultimate award, this was not the result of expenses incurred to develop and present an unsuccessful theory (*cf. First Bank & Trust Co. of Corning v State of New York*, 184 AD2d 1034, 1035 [1992], *affd Hakes v State of New York*, 81 NY2d 392 [1993]), and the litigation was necessary to prove the inadequacy of the City's offer (*cf. Frisbro Enters. v State of New York*, 145 Misc 2d 397, 399 [Ct Cl 1989]). Accordingly, the Supreme Court providently exercised its discretion in awarding attorneys' fees in the sum of $1,375,000.

Likewise, the appraisal fees and surveyor fees awarded by the Supreme Court were reasonable and necessary to achieve just and adequate compensation (*see Matter of New York Convention Ctr. Dev. Corp.*, 234 AD2d at 167-168; *Gordon v Town of Esopus,* 143 Misc 2d 193, 195 [Sup Ct, Ulster County 1989], *affd* 162 AD2d 829 [1990]). However, the claimants failed to establish that the requested engineering fees were necessary to achieve just and adequate compensation. The engineer did not testify at trial, his report was not admitted into evidence, and the claimants failed to adequately explain how the engineering fees were necessary to their proof admitted at trial (*see Gordon v Town of Esopus,* 143 Misc 2d at 195-196; *cf. Matter of City of New York [Newtown Cr. Water Pollution Control Plant Upgrade (Second Taking)]*, 30 Misc 3d 816, 832 [Sup Ct, Kings County 2010]).

The claimants concede that the award for costs and disbursements should be reduced by $10,767.73 for duplicative charges. Moreover, in light of the vague descriptions of the costs and disbursements incurred, which included some items of law firm overhead, and the lack of supporting documentation therefor, we determine that the entire request for costs and disbursements should have been denied (*see Matter of City of New York [Newtown Cr. Water Pollution Control Plant Upgrade (Second Taking)]*, 30 Misc 3d at 834-835; *Matter of New York City Tr. Auth.*, 150 Misc 2d 917, 923-924 [Sup Ct, Queens County 1991]).

The City's remaining contention is without merit. Chambers, J.P., Cohen, Duffy and Connolly, JJ., concur.