Matter of Haverstraw (AAA Electricians, Inc.) (2018 NY Slip Op 06921)





Matter of Haverstraw (AAA Electricians, Inc.)


2018 NY Slip Op 06921


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-09910
2016-10439
 (Index No. 6169/03)

[*1]In the Matter of Village of Haverstraw, appellant;> AAA Electricians, Inc., respondent.


Rosenberg & Estis, P.C., New York, NY (Jeffrey Turkel of counsel), for appellant.
Goldstein, Rikon, Rikon & Houghton, P.C., New York, NY (Joshua H. Rikon of counsel), for respondent.



DECISION & ORDER
In a condemnation proceeding, the condemnor appeals from (1) an order of the Supreme Court, Rockland County (Bruce E. Tolbert, J.), entered August 11, 2016, and (2) an order and judgment (one paper) of the same court, entered September 13, 2016. The order and judgment granted the claimant's motion for an additional allowance pursuant to EDPL 701 to the extent of awarding it the principal sum of $1,190,582.91, and is in favor of the claimant and against the condemnor in that principal sum.
ORDERED that the appeal from the order entered August 11, 2016, is dismissed, as that order was superseded by the order and judgment entered September 13, 2016; and it is further,
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the claimant.
In this condemnation proceeding, the condemnor, the Village of Haverstraw, offered to pay the claimant the sum of $2,596,150, as compensation for the taking of its real property. After a nonjury trial, the Supreme Court determined that the principal sum of $6,500,000 constituted just compensation for the taking, and this Court upheld that determination on a prior appeal (see Matter of Village of Haverstraw [AAA Electricians, Inc.], 114 AD3d 955). The claimant subsequently moved for an additional allowance pursuant to EDPL 701, and the Supreme Court granted the motion to the extent of awarding an additional allowance in the principal sum of $1,190,582.91.
EDPL 701 "assures that a condemnee receives a fair recovery by providing an opportunity for condemnees whose property has been substantially undervalued to recover the costs of litigation establishing the inadequacy of the condemnor's offer" (Hakes v State of New York, 81 NY2d 392, 397). "The statute requires two determinations: first, whether the award is substantially in excess of the amount of the condemnor's proof' and second, whether the court deems the award necessary for the condemnee to achieve just and adequate compensation'" (id. at 397, quoting EDPL 701). "Where both tests are satisfied, the court may award reasonable fees" (Hakes v State of New York, 81 NY2d at 397; see Matter of City of Long Beach v Sun NLF L.P., 146 AD3d 775, 777).
Here, the condemnation award was substantially in excess of the amount of the evidence submitted by the Village. Further, the Supreme Court providently exercised its discretion in determining that an additional allowance, including for "reasonable attorney, appraiser and engineer fees actually incurred," was necessary for the claimant to receive just and adequate compensation (EDPL 701; see generally Hakes v State of New York, 81 NY2d at 398). The sliding scale contingency fee charged by the claimant's attorneys as well as the experts' fees were reasonable in light of the Village's undervaluation of the property and the effort required to establish the inadequacy of its offer (see Matter of City of Long Beach v Sun NLF L.P., 146 AD3d at 778; Matter of New York Convention Ctr. Dev. Corp. [Recycling for Hous. Partnership], 234 AD2d 167; Matter of Hoffman v Town of Malta, 189 AD2d 968, 969). Moreover, although the trial court ultimately decided to value the property on a per-acre basis, rather than on the basis of how many residential housing units could be developed thereon, as urged by the claimant, the claimant's attorneys and experts' fees were nonetheless necessarily incurred to establish the highest and best use of the property and its market value on a per-acre basis (see Matter of City of Long Beach v Sun NLF L.P., 146 AD3d at 778). Accordingly, the court providently exercised its discretion in awarding an additional allowance in the principal sum of $1,190,582.91, representing costs, disbursements, and expenses "actually incurred" (EDPL 701).
The Village's remaining contention is without merit.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court