Matter of Village of Spring Val., N.Y. (Little Angel Day Care Ctr., Inc.) (2019 NY Slip Op 02711)





Matter of Village of Spring Val., N.Y. (Little Angel Day Care Ctr., Inc.)


2019 NY Slip Op 02711


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2018-03609
 (Index No. 9013/08)

[*1]In the Matter of Village of Spring Valley, New York. Little Angel Day Care Center, Inc., respondent; Village of Spring Valley, appellant.


Feerick Lynch MacCartney & Nugent PLLC, South Nyack, NY (Dennis E. A. Lynch and Alak Shah of counsel), for appellant.
Goldstein, Rikon, Rikon & Houghton, P.C., New York, NY (Joshua H. Rikon of counsel), for respondent.



DECISION & ORDER
In a condemnation proceeding, the condemnor appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Bruce E. Tolbert, J.), entered February 13, 2018. The order and judgment granted the claimant's motion for an additional allowance pursuant to EDPL 701 to the extent of awarding it the principal sum of $233,391.46, and is in favor of the claimant and against the condemnor in that principal sum.
ORDERED that the order and judgment is affirmed, with costs.
In this condemnation proceeding, the condemnor, the Village of Spring Valley, made an advance payment to the claimant in the sum of $90,960, as compensation for the trade fixtures taken as a result of the condemnation of the real property leased by the claimant. After a trial, the Supreme Court determined that the principal sum of $469,114 constituted just compensation for the taking. The claimant subsequently moved for an additional allowance pursuant to EDPL 701. The court granted the motion to the extent of awarding the claimant an additional allowance in the principal sum of $233,391.46. The condemnor appeals.
EDPL 701 "assures that a condemnee receives a fair recovery by providing an opportunity for condemnees whose property has been substantially undervalued to recover the costs of litigation establishing the inadequacy of the condemnor's offer" (Hakes v State of New York, 81 NY2d 392, 397). "The statute requires two determinations: first, whether the award is substantially in excess of the amount of the condemnor's proof' and second, whether the court deems the award necessary for the condemnee to achieve just and adequate compensation'" (id. at 397, quoting EDPL 701). "Where both tests are satisfied, the court may award reasonable fees" (Hakes v State of New York, 81 NY2d at 397 [emphasis omitted]; see Matter of City of Long Beach v Sun NLF L.P., 146 AD3d 775, 777).
Here, the record demonstrates that the condemnation award was substantially in excess of the condemnor's advance payment and proof (see Matter of City of Long Beach v Sun NLF L.P., 146 AD3d at 777; Matter of Village of Port Chester [Bologna], 137 AD3d 802; Matter of [*2]Metropolitan Transp. Auth. v Ausnit, 306 AD2d 190; Matter of Town of Islip v Sikora, 220 AD2d 434). Further, the Supreme Court providently exercised its discretion in determining that an additional allowance, including for reasonable attorney and appraiser fees, was necessary for the claimant to receive just and adequate compensation (see generally EDPL 701; Hakes v State of New York, 81 NY2d at 398). The contingency fee charged by the claimant's attorneys, as well as the expert appraiser's fees, were reasonable in light of the condemnor's undervaluation of the fixtures and the effort required to establish the inadequacy of the condemnor's offer (see Matter of City of Long Beach v Sun NLF L.P., 146 AD3d at 778; Matter of New York Convention Ctr. Dev. Corp. [Recycling for Hous. Partnership], 234 AD2d 167; Matter of Hoffman v Town of Malta, 189 AD2d 968, 969). Accordingly, the court providently exercised its discretion in awarding the claimant an additional allowance in the principal sum of $233,391.46 (see EDPL 701).
The condemnor's remaining contention, that the award was unreasonable in light of the condemnor's alleged fiscal condition, is without merit.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court