Matter of City of Long Beach v Sun NLF Ltd. Partnership (2019 NY Slip Op 03784)





Matter of City of Long Beach v Sun NLF Ltd. Partnership


2019 NY Slip Op 03784


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2016-13371
 (Index No. 14660/05)

[*1]In the Matter of City of Long Beach, respondent-appellant,
v
Sun NLF Limited Partnership, appellant-respondent, et al., respondents.


Koeppel Martone & Leistman, LLP, Mineola, NY (Donald F. Leistman and Jason M. Penighetti of counsel), for appellant-respondent.
Spolzino, Smith, Buss & Jacobs LLP, Yonkers, NY (Robert A. Spolzino and Nancy Durand of counsel), for respondent-appellant.



DECISION & ORDER
In a condemnation proceeding, the claimant Sun NLF Limited Partnership appeals, and the condemnor, City of Long Beach, cross-appeals, from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 24, 2016. The order, insofar as appealed from, awarded the claimant attorney's fees in the sum of only $831,303.22. The order, insofar as cross-appealed from, awarded the claimant attorney's fees in the sum of $831,303.22, expert fees in the sum of $65,100, and costs and disbursements in the sum of $2,133.90.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the claimant attorney's fees in the sum of $831,303.22, and substituting therefor a provision awarding the claimant attorney's fees in the sum of $1,366,250; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the claimant.
In this condemnation proceeding, the condemnor, the City of Long Beach, initially offered to pay Sun NLF Limited Partnership (hereinafter the claimant) the sum of $2,080,000 as compensation for the taking of the claimant's real property. Four years later, the City offered to pay the claimant the sum of $6,335,000 as compensation, and made an advance payment in that amount. After a nonjury trial, the Supreme Court determined that the principal sum of $11.8 million constituted just compensation for the taking of the claimant's real property and entered a judgment awarding the claimant that principal sum. On a prior appeal, this Court affirmed the judgment (see Matter of City of Long Beach v Sun NLF Ltd. Partnership, 124 AD3d 654).
The claimant thereafter moved, pursuant to EDPL 701, for an additional allowance of $1,956,888 in attorney's fees, $65,100 in expert fees, and costs and disbursements in the amount of $2,133.90. The Supreme Court granted the motion to the extent of awarding $831,303.22 in attorney's fees and the total sums sought for expert fees and costs and disbursements. In awarding attorney's fees, the court relied on the contingency fee arrangement in the claimant's counsel's retainer agreement, which provided for a fee equal to 20% of the first $500,000 (less necessary litigation expenses) of the excess of the award over the City's initial offer of $2,080,000, and 15% [*2]of the remaining excess of the award over the initial offer. However, the court applied the percentages contained in the retainer agreement to the excess of the award over the advance payment, exclusive of interest. The court further determined that the remaining requests of $65,100 in expert fees and $2,133.90 in costs and disbursements were reasonable. The claimant appeals, and the City cross-appeals.
EDPL 701 "assures that a condemnee receives a fair recovery by providing an opportunity for condemnees whose property has been substantially undervalued to recover the costs of litigation establishing the inadequacy of the condemnor's offer" (Hakes v State of New York, 81 NY2d 392, 397). The statute requires two determinations: "first, whether the award is substantially in excess of the amount of the condemnor's proof' and second, whether the court deems the award necessary for the condemnee to achieve just and adequate compensation'" (id. at 397, quoting EDPL 701). "Where both tests are satisfied, the court may award reasonable fees" (Hakes v State of New York, 81 NY2d at 397; see Matter of Village of Port Chester [Bologna], 137 AD3d 802, 803).
Here, the condemnation award was substantially in excess of the amount of the City's proof, and the Supreme Court providently exercised its discretion in determining that an additional award for attorney's fees was necessary for the claimant to receive just and adequate compensation (see generally Hakes v State of New York, 81 NY2d at 398). Contingency fee arrangements are an acceptable factor to be considered by the court in determining reasonable counsel fees (see Matter of City of Long Beach v Sun NLF L.P., 146 AD3d 775, 777; Matter of New York Convention Ctr. Dev. Corp. [Recycling for Hous. Partnership], 234 AD2d 167, 167; Matter of Hoffman v Town of Malta, 189 AD2d 968, 969). However, in awarding an additional allowance payable by the condemnor, the court is not bound by the retainer agreement with the client; the court's focus is upon what would be a reasonable fee (see Matter of City of New York, 52 AD3d 387; Matter of City of New York v Jamaica Arms Hotel, Inc., 44 AD3d 1040). Even where the court takes into account the amount calculated under a contingency fee retainer, the court may reduce the amount where necessary in determining what constitutes a reasonable fee (see Matter of City of Yonkers v Celwyn Co., 221 AD2d 437).
Here, we agree with the claimant that the Supreme Court improvidently exercised its discretion in basing the fee award on the percentages contained in the retainer agreement while applying those percentages to the excess of the award over the advance payment of $6,335,000. The retainer agreement was executed soon after the City's initial offer was made, and counsel explained that the relatively low percentages contained in the agreement (cf. e.g. Matter of City of Long Beach v Sun NLF L.P., 146 AD3d at 777) were based on the estimated value of the properties over the initial offer. Counsel claimed that, had the retainer agreement been based on the sum of the later advance payment, his typical retainer of 33&frac13;% would have been utilized. However, this contention is speculative and it is entirely unknown whether the claimant would have agreed to such a percentage.
Under the particular circumstances of this case, the award should be calculated by applying the contingency formula utilized in a similar case, involving the same condemnation project in which a similar award was made. In Matter of City of Long Beach v Sun NLF L.P. (146 AD3d 775), where the claimants received an award in the principal sum of $5.5 million, representing just compensation less the advance payment, we affirmed the determination of the Supreme Court that an attorney's fee equal to 25% of the excess of the award over the advance payment was reasonable. While there are some differences between the cited case and this one, taking into account both the arguments made for enhancing and reducing the fee made by the parties here, a fee of $1,366,250 is reasonable in light of the City's undervaluation of the properties and the effort required to establish the highest and best use of the properties (see Matter of City of Long Beach v Sun NLF L.P., 146 AD3d at 777; Matter of New York Convention Ctr. Dev. Corp. [Recycling for Hous. Partnership], 234 AD2d at 167). In reaching this conclusion, we, like the Supreme Court, have exercised discretion in calculating the fee award solely on the principal sum recovered without regard to the interest portion of the award (see Matter of City of New York, 52 AD3d at 388). Accordingly, we modify the order to increase the attorney's fees awarded to the sum of $1,366,250.
The expert fees and costs and disbursements awarded by the Supreme Court were reasonable and necessary to achieve just and adequate compensation (see Matter of New York Convention Ctr. Dev. Corp. [Recycling for Hous. Partnership], 234 AD2d at 167-168). The City's specific challenges to certain line items appearing on the experts' invoices, raised for the first time on appeal, are not properly before this Court (see 77 Water St., Inc. v JTC Painting & Decorating Corp., 148 AD3d 1092, 1097). Thus, the award of expert fees and costs and disbursements will not be disturbed.
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court