ZYGMUNT PEHEL, Claimant, *v.* STATE OF YORK, Defendant. (Claim No. 32098.)

Court of Claims, October 18, 1955.

*Martin Tucker* for claimant.

*Jacob K. Javits, Attorney-General (Matthew A. Campbell* of counsel), for defendant.

SYLVESTER, J. The action was brought by Zygmunt Pehel, otherwise known as Zygmund Pehel and Sigmund Pehel, who has since died. By this motion, which was originally brought on approximately eight months after the appointment of the administrator, and which has been resubmitted by permission of the court, it is sought to substitute the administrator as claimant herein. The Attorney-General opposes the motion, maintaining that section 15 of the Court of Claims Act provides that in such a case '' it shall be the duty of the personal representative of [the] * * * claimant * * * within six months after he becomes invested with the title to said claim or any interest therein, to secure from the court of claims and serve upon the attorney-general an order substituting him as party to said claim instead of the party named in said claim, to whose right, title and interest he has succeeded, and in the event that he fails so to do, the court of claims on motion of the attorney-general, on such notice as the Court may require, * * * may dismiss [the] * * * claim.'' Here, though the Attorney-General had not moved to dismiss the claim in accordance with the prescribed procedure, he, nevertheless, takes the position that the motion to amend must be denied because of the failure on claimant's part to move for the required relief within the stipulated six months and, insists further, that the claim would be vulnerable to a motion to dismiss. It is true that the statute (§ 15) clearly states it to be the duty of the personal representative to secure the order

of substitution within six months after he becomes invested with title to the claim. It does not, however, prescribe the absolute penalty of dismissal for failure so to do. What it lays down is a procedure which, incidentally, was not here availed of by the Attorney-General, by which, in an appropriate situation, the court in its discretion, may dismiss the claim. A dismissal, however, is not mandatory on the court, as the Attorney-General would have it. The language of the statute, which reads in part " the court  *  *  *  *may* dismiss said claim " [emphasis supplied] rather suggests that the court in its discretion *may* deny the motion of the Attorney-General and refuse to dismiss the claim.

This interpretation accords with familiar rules of construction (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.] § 177, and cases cited thereunder) and reflects the liberal policy in such contingencies of affording a litigant his day in court (see Civ. Prac. Act, § 84, which provides that in case of the death of a sole plaintiff or a sole defendant, where the cause of action survives, the court, upon motion, *must* allow or compel the action to be continued by or against his representative or successor in interest). It is thus held that the language of the statute is permissive and not mandatory; that it permits the court, in the exercise of its discretion, to grant the desired relief. In the circumstances here reflected, the motion to amend the claim is granted.