■ JOSEPH T. SCUDERI, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 75993.)—Order unanimously reversed on the law and in the exercise of discretion without costs and application granted in accordance with the following Memorandum: In October 1986, the State of New York (State) appropriated portions of property owned by claimant in the Town of Cicero and offered him compensation of $48,600. Thereafter, claimant brought an action in the Court of Claims, seeking compensation in the amount of $123,900—direct damages of $42,900 and consequential damages of $81,000. The State countered with proof that claimant was entitled to $51,000 in direct damages but not to consequential damages. The Court of Claims awarded claimant $51,000 in direct damages and $17,700 in consequential damages. Thereafter, claimant applied, pursuant to EDPL 701, for an additional allowance of $16,105 to compensate him for attorney's and appraiser's fees. The Court of Claims denied claimant's application, and claimant appeals.

At the outset, we reject the State's contention that EDPL 701, as amended in 1987, does not apply in this case *(see, First Bank & Trust Co. v State of New York,* 184 AD2d 1034 [decided herewith]).

EDPL 701, as amended, authorizes an additional allowance for certain expenses when the court's compensation award is "substantially in excess" of the amount originally offered by the condemnor *(see also, Lee-Hi Fuel Corp. v State of New York,* 179 AD2d 494; *Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.],* 160 AD2d 705, 710-711). Here, the State offered $48,600, and the court awarded $68,700, which is 41.4% in excess of the condemnor's proof. Contrary to the conclusion of the Court of Claims, we conclude that the award was substantially in excess of the State's offer *(see, Karas v State of New York,* 169 AD2d 816 [award 41.6% in excess of offer]; *Matter of New York City Tr. Auth.,* 142 Misc 2d 629 [award 36% in excess of offer]). We further note that, under EDPL 701, the determination of substantiality

must be based only on a comparison of the award and the offer, not the value of the parcel as a whole.

In order to qualify for an additional allowance, claimant must also show that the expenses claimed were necessarily incurred to achieve just and adequate compensation *(see also, Thomas v State of New York,* 179 AD2d 945; *Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co., supra,* at 709).* In this case, the Court of Claims necessarily found that at least some of the expenses incurred by claimant were necessary to achieve just and adequate compensation because, without claimant's efforts, he would not have been compensated for the consequential damages found by the court. Thus, the court erred in failing to award claimant an additional allowance. In the circumstances of this case, we exercise our authority to make the additional allowance that the trial court should have made *(see, Chopp v Welbourne & Purdy Agency,* 135 AD2d 958, 959) and award claimant an additional allowance in the amount of $11,452.50, the sum of his attorney's fees and one-half of his claimed appraisal fees. (Appeal from Order of Court of Claims, Israel Margolis, J.—Expert Fees.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.