ALBERT L. WERTHEIMER, as Executor of ALBERT WERTHEIMER, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 77905.) [647 NYS2d 620] —Judgment unanimously modified on the law and in the exercise of discretion and as modified affirmed without costs in accordance with the following Memorandum: In 1987 the State of New York appropriated .120 acres of land in fee and an additional .086 acres for a permanent easement. Prior to the appropriation, claimant owned 233.046 acres of land along State Route 3 in the Town of Rutland, Jefferson County. The Court of Claims awarded $8,488, plus interest, to claimant as direct damages for the appropriation but rejected claimant's contention that the remaining land was consequentially damaged by the taking. The court further awarded the sum of $12,000 to claimant as an additional allowance for attorney and appraisal fees and costs and disbursements. On appeal, the State challenges only that portion of the allowance of $8,026.36 for appraisal fees.

Pursuant to EDPL 701, the court, in its discretion, may award a condemnee an additional allowance "for actual and necessary costs, disbursements and expenses, including reasonable attorney, appraiser and engineer fees", where the award is substantially in excess of the amount of the condemnor's proof and where the court deems the expenses incurred necessary to achieve just and adequate compensation (*see, Hakes v State of New York*, 81 NY2d 392, 397). The State concedes that the award was substantially in excess of its initial offer and its proof, but contends that the court should have denied an allowance for appraisal fees because it rejected as "misguided" the appraiser's cost-to-cure theory and analysis of consequential damages. We disagree.

The court relied upon the comparable sales submitted by claimant's appraiser and accepted, with some adjustments of its own, the appraiser's conclusions concerning value and direct damages. The market data analysis performed by the appraiser was essential to the court's award of damages, and thus, "necessary * * * for the condemnee to achieve just and adequate compensation" (EDPL 701). The court, therefore, properly

exercised its discretion in concluding that claimant is entitled to an additional allowance for the appraisal fees related to that analysis. The court erred, however, in awarding an additional allowance for appraisal fees related to the "misguided" cost-to-cure theory and analysis of consequential damages (see, Hakes v State of New York, supra). In the exercise of our discretionary power to determine the appropriate amount of a reasonable additional allowance (see, Scuderi v State of New York, 184 AD2d 1073, 1074), we modify the judgment by awarding $5,000 to claimant as a reasonable additional allowance for appraisal fees. (Appeal from Judgment of Court of Claims, Margolis, Israel, J.—EDPL.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.