◼ In the Matter of the Acquisition of Real Property by the COUNTY OF TOMPKINS, Respondent. WALTER GANGL, Appellant. [749 NYS2d 332] —Peters, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered November 27, 2001 in Tompkins County, which denied claimant's motion pursuant to EDPL 701 for an additional allowance.

Petitioner sought to purchase property owned by claimant in the City of Ithaca, Tompkins County, which claimant leased for office use. Petitioner's appraisal report valued such property at $285,000. When claimant disputed the amount and alleged factual errors in petitioner's valuation methodology, claimant contends that no counteroffers were received. After accepting petitioner's offer of an advanced payment of $285,000 pursuant to EDPL 304 (A) (3), petitioner commenced this eminent domain proceeding in April 1996 to acquire claimant's property, among others, for its construction of a human services building. In May 1996, Supreme Court signed an order of condemnation, and title to these properties were ultimately transferred to petitioner.

In March 1997, claimant timely filed a claim against petitioner, contending that the fair market value of his property was $486,606; petitioner maintained that its initial ap-

praisal was fair and reasonable. Pursuant to Supreme Court's direction, appraisal reports were filed; claimant valued the property at $410,000 and petitioner valued it at $270,000. After a nonjury trial, Supreme Court found that the property had a fair market value of $350,000 on the date of appropriation, an amount 22.8% greater than petitioner's initial offer of $285,000. After we affirmed Supreme Court's determination (265 AD2d 659, *lv denied* 95 NY2d 751), claimant moved for an award of an additional allowance pursuant to EDPL 701 for all necessary fees, costs and disbursements. Although claimant contended that petitioner forced him to go to trial because he refused to accept its initial offer and failed to proffer any further settlement offers to either him or his attorney, petitioner contended that claimant was steadfast in his refusal to negotiate. Supreme Court denied claimant's motion and this appeal ensued.

The remedial purpose of EDPL 701 is to promote "fairness to a private property owner forced to litigate the value of its property when the State comes forward with an unreasonably low offer in effecting a taking of that property" (*General Crushed Stone Co. v State of New York*, 93 NY2d 23, 25). Notwithstanding the remedial nature of this statute (*id.* at 28), the decision to grant an additional allowance remains a discretionary determination with the court, premised upon the satisfaction of two conditions:

"(1) the award must be 'substantially in excess of the amount of the condemnor's proof,' the appropriate measure there being the difference between the initial offer and the amount ultimately awarded, and (2) the expenses must have been incurred 'to achieve just and adequate compensation'" (*Matter of Village of Johnson City [Waldo's, Inc.]*, 277 AD2d 773, 774, quoting EDPL 701). With the failure of EDPL 701 to "quantify the required excess over the condemnor's proof"* (*Matter of Village of Johnson City [Waldo's, Inc.], supra* at 774), judicial discretion has tempered a standard which recognizes that " ' "more than a modest increase in value" ' is required" (*id.* at 774, quoting *Matter of Malin v State of New York*, 183 AD2d 899, 900, quoting Governor's Mem approving L 1987, ch 771, 1987 McKinney's Session Laws of NY, at 2724). With the record here supporting Supreme Court's determination that petitioner's initial offer was not inherently unjust or patently inadequate, we must agree that the 22.8% difference between the initial offer and the amount ultimately awarded fails to

---

* Prior to 1987, EDPL 701 required that the award be in excess of 200% of the amount of the condemnor's proof (*see* L 1987, ch 771, § 1).

meet the threshold standard of "substantial" (*see* EDPL 701; *compare Matter of County of Clinton [Gagnon]*, 204 AD2d 898, *with Madowitz v State of New York*, 288 AD2d 443; *Matter of New York State Urban Dev. Corp.*, 183 Misc 2d 900, 903). In light of this determination, we need not review whether the expenses incurred by claimant were both reasonable and necessary "to achieve just and adequate compensation" (EDPL 701).

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.