■ In the Matter of DANIEL SHAKESPEARE CORP., Respondent, v INCORPORATED VILLAGE OF HEMPSTEAD, Appellant. [770 NYS2d 397]—

In a proceeding to recover damages for a permanent taking of real property, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (McCabe, J.), entered October 31, 2002, which awarded the petitioner an additional allowance pursuant to EDPL 701 of $56,310.03, consisting of $45,000 in counsel fees, $2,310.03 in costs and disbursements awarded to the appellant on a prior appeal, and $8,750 in appraisal fees.

Ordered that the order and judgment is modified, on the law and as a matter of discretion, by deleting therefrom the provi-

sions awarding the petitioner $45,000 in counsel fees and $2,310.03 in costs and disbursements awarded to the appellant on a prior appeal and substituting therefor a provision awarding the petitioner $25,000 in counsel fees; as so modified, the order and judgment is affirmed, without costs or disbursements.

EDPL 701 "requires two determinations: first, whether the award is 'substantially in excess of the amount of the condemnor's proof' and second, whether the court deems the award necessary 'for the condemnee to achieve just and adequate compensation' " (*Hakes v State of New York*, 81 NY2d 392, 397 [1993]). When both tests are satisfied, the court, in its discretion, may award reasonable fees (*see Hakes v State of New York, supra*). The appellant Incorporated Village of Hempstead concedes that the condemnation award was substantially in excess of the amount of the condemnor's proof and therefore that the first prong of the test was satisfied.

On a prior appeal to this Court in this proceeding, this Court awarded the Village costs and disbursements payable by the petitioner (*see Matter of Shakespeare Co. v Incorporated Vil. of Hempstead*, 275 AD2d 370 [2000]). Those costs and disbursements amount to $2,310.03. So much of the order and judgment appealed from as awards the petitioner that sum is contrary to the prior decision and order of this Court and must be set aside.

With respect to counsel fees, the petitioner's attorney acknowledged that there was "a retainer agreement entered into at the outset of this proceedings," but did not provide a copy of the agreement or its terms other than to state that "[t]he agreed upon fee . . . is $45,000." The record in this case is insufficient to award the full $45,000 demanded. We further note that while the appellant substantially undervalued the property, the petitioner's appraiser substantially overvalued the property. Under the circumstances of this case, an award of $25,000 in counsel fees is reasonable (*see Matter of City of Yonkers v Celwyn Co.*, 221 AD2d 437 [1995]; *Matter of Town of Islip v Sikora*, 220 AD2d 434 [1995]; *Frisbro Enters. v State of New York*, 145 Misc 2d 397 [1989]).

We affirm so much of the order and judgment as awarded appraisal fees of $8,750, since there is no basis in the record to set aside the award (*see Matter of New York Convention Ctr. Dev. Corp.*, 234 AD2d 167, 168 [1996]). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.