■ In the Matter of Louis Gelsomino et al., Appellants-Respondents, v City of New Rochelle, Respondent-Appellant. [809 NYS2d 122]—

In a condemnation proceeding, the claimants appeal, as limited by their brief, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Westchester County (Rosato, J.), dated July 20, 2004, as, after a nonjury trial, is in favor of them and against the City of New Rochelle in the principal sum of only $420,000, and the City of New Rochelle cross-appeals, as limited by its brief, from so much of the same judgment as awarded the claimants a $70,000 premium for development potential of the property and additional allowances in the sum of $17,833 pursuant to EDPL 701.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Pursuant to an urban renewal plan, the condemnor, the City of New Rochelle, appropriated the parcel belonging to the claimants in November 2001. The parties do not contend that the Supreme Court's award of $350,000 for the parcel "as is" was improvident. Rather, the condemnor contends that the

Supreme Court's determination as to the value of the development potential of the parcel, to wit, a $70,000 premium over the $350,000, was improvident, and the claimants contend that the determination was inadequate. The Supreme Court rejected the claimants' valuation of $270,000 for development potential as too optimistic and the condemnor's valuation of $0 for development potential as too pessimistic, finding that the parcel had some development potential since development was feasible, although difficult. Since the Supreme Court's determination as to development potential was within the range proffered by the parties' appraisers, and adequately explained, we decline to disturb it on appeal (*see Matter of City of New York [Reiss],* 55 NY2d 885 [1982]; *Matter of Sun Plaza Enters., Corp. v Tax Commn. of City of N.Y.,* 304 AD2d 763 [2003]; *627 Smith St. Corp. v Bureau of Waste Disposal of Dept. of Sanitation of City of N.Y.,* 289 AD2d 472, 474 [2001]).

Furthermore, the Supreme Court providently exercised its discretion in awarding the claimants additional allowances in the sum of $17,833 comprised of an attorney's fee of $12,210, an expert's fee of $2,750, and disbursements of $2,873. The condemnor's initial offer was $310,000, while the claimants were awarded $420,000. The $110,000 difference was 35.5% above the offer, and the award was necessary for the claimants to achieve just and adequate compensation (*see* EDPL 701; *Hakes v State of New York,* 81 NY2d 392, 397-398 [1993]; *Matter of Daniel Shakespeare Corp. v Incorporated Vil. of Hempstead,* 2 AD3d 853 [2003]; *Matter of Town of Islip v Sikora,* 220 AD2d 434 [1995]; *Scuderi v State of New York,* 184 AD2d 1073 [1992]).

We note that any error in the admission of improper lay opinion was harmless. Cozier, J.P., Krausman, Skelos and Lunn, JJ., concur.