◼ In the Matter of VILLAGE OF PORT CHESTER, Relative to Acquire Title in Certain Real Property Located in the Village of Port Chester, Westchester County, State of New York, and Designated on the Tax Maps of the Village of Port Chester as Section 2, Block 60, Lots 9, 10, 11, 12, 13, 14, 15, 16, Respondent. DOMINICK D. BOLOGNA et al., Appellants. [25 NYS3d 666]—

In a condemnation proceeding, the claimants appeal, on the ground of inadequacy, from an order and judgment (one paper) of the Supreme Court, Westchester County (Tolbert, J.), entered February 14, 2014, which granted their motion for an additional allowance pursuant to EDPL 701 only to the extent of awarding them the sum of $406,827.44, and is in their favor and against the condemnor in only that principal sum.

Ordered that the order and judgment is affirmed, with costs.

In this condemnation proceeding, the condemnor, the Village of Port Chester, initially offered to pay the claimants $975,000 as compensation for the taking of their real property. After a nonjury trial, the Supreme Court entered a judgment awarding the claimants the principal sum of $3,062,000 as just compensation for the taking of their real property, and this Court upheld that award on a prior appeal (*see Matter of Village of Port Chester [Bologna]*, 95 AD3d 895 [2012]). Thereafter,

the claimants moved for an additional allowance pursuant to EDPL 701 in the sum of $832,244.59. The court granted their motion only to the extent of awarding them an additional allowance in the sum of $406,827.44.

EDPL 701 "assures that a condemnee receives a fair recovery by providing an opportunity for condemnees whose property has been substantially undervalued to recover the costs of litigation establishing the inadequacy of the condemnor's offer" (*Hakes v State of New York*, 81 NY2d 392, 397 [1993]). It "also vests the trial court with discretion, in order to limit both the incentive for frivolous litigation and the cost of acquiring land through eminent domain" (*id.* at 397, citing Governor's Mem approving L 1987, ch 771, 1987 McKinney's Session Laws of NY at 2724). The statute "does not establish a new entitlement but merely allows a court in condemnation cases to ameliorate the condemnee's costs in cases it considers appropriate" (*Hakes v State of New York*, 81 NY2d at 398).

EDPL 701 requires two determinations: first, whether the condemnation award is "substantially in excess of the amount of the condemnor's proof" and second, whether reimbursement of the condemnee's costs of litigation is "necessary for the condemnee to achieve just and adequate compensation" (*id.* at 397 [internal quotation marks omitted]). "Where both tests are satisfied, the court *may* award reasonable fees" (*id.*; *see Matter of Daniel Shakespeare Corp. v Incorporated Vil. of Hempstead*, 2 AD3d 853, 854 [2003]).

Here, the Village concedes that the condemnation award was substantially in excess of the amount of its proof and, therefore, that the first prong of the test was satisfied. As to the second prong of the test, the Supreme Court properly determined that an additional allowance in an amount less than what the claimants requested was necessary for them to receive just and adequate compensation on the ground, inter alia, that a portion of the claimants' efforts and costs were used to develop and present valuation theories to support a claim for compensation substantially in excess of the condemnation award (*see Matter of Daniel Shakespeare Corp. v Incorporated Vil. of Hempstead*, 2 AD3d at 854; *Matter of Village of Johnson City [Waldo's, Inc.]*, 277 AD2d 773, 775 [2000]; *Matter of City of New York [China Plaza Co.]*, 254 AD2d 210, 210 [1998]; *Wertheimer v State of New York*, 231 AD2d 897, 897-898 [1996]; *Walsh v State of New York*, 180 AD2d 290, 294 [1992]; *see also Matter of New York City Tr. Auth.*, 150 Misc 2d 917, 923 [Sup Ct, Queens County 1991]; *Frisbro Enters. v State of New York*, 145 Misc 2d 397, 399-400 [Ct Cl 1989]). Accordingly, the court

providently exercised its discretion in granting the claimants' motion for an additional allowance pursuant to EDPL 701 only to the extent of awarding them the sum of $406,827.44. Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.