Matter of Village of Haverstraw (2020 NY Slip Op 01068)





Matter of Village of Haverstraw


2020 NY Slip Op 01068


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-04033
2017-04034
2017-04505
2017-04724
 (Index No. 1843/06)

[*1]In the Matter of Village of Haverstraw. Ferguson Management Company, LLC, et al., respondents; Village of Havestraw, appellant.


Zarin & Steinmetz, White Plains, NY (Michael D. Zarin and Zachary R. Mintz of counsel), for appellant.
Goldstein, Rikon, Rikon & Houghton, P.C., New York, NY (Joshua H. Rikon of counsel), for respondents.



DECISION & ORDER
In a condemnation proceeding, the condemnor appeals from (1) an order of the Supreme Court, Rockland County (Bruce E. Tolbert, J.), entered March 2, 2017, (2) an order of the same court also entered March 2, 2017, (3) an order and judgment (one paper) of the same court dated March 30, 2017, and (4) an order and judgment (one paper) of the same court also dated March 30, 2017. The first order granted the motion of the claimant Ferguson Management Company, LLC, for an additional allowance pursuant to EDPL 701 to the extent of awarding it the principal sum of $106,480.73. The second order granted the motion of the claimant Executive Touch Landscaping & Construction, LLC, for an additional allowance pursuant to EDPL 701 to the extent of awarding it the principal sum of $127,064.82. The first order and judgment granted the motion of the claimant Ferguson Management Company, LLC, for an additional allowance pursuant to EDPL 701 to the extent of awarding it the principal sum of $106,480.73, and is in favor of that claimant and against the condemnor in that principal sum, with postjudgment interest at the rate of 9% annually. The second order and judgment granted the motion of the claimant Executive Touch Landscaping & Construction, LLC, for an additional allowance pursuant to EDPL 701 to the extent of awarding it the principal sum of $127,064.82, and is in favor of that claimant and against the condemnor in that principal sum, with postjudgment interest at the rate of 9% annually.
ORDERED that the appeals from the orders entered March 2, 2017, are dismissed, as the orders were superseded by the orders and judgments dated March 30, 2017; and it is further,
ORDERED that the first order and judgment is reversed, on the facts, the motion of the claimant Ferguson Management Company, LLC, for an additional allowance pursuant to EDPL 701 is denied, and the first order is modified accordingly; and it is further,
ORDERED that the second order and judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof granting the motion of the [*2]claimant Executive Touch Landscaping & Construction, LLC, for an additional allowance pursuant to EDPL 701 to the extent of awarding it the principal sum of $127,064.82 and awarding it that principal sum, and substituting therefor a provision granting the motion to the extent of awarding Executive Touch Landscaping & Construction, LLC, the principal sum of $70,831.40 and awarding it that principal sum, and (2) by deleting the provision thereof awarding postjudgment interest at the rate of 9% annually, and substituting therefor a provision awarding postjudgment interest at the rate of 6% annually; as so modified, the second order and judgment is affirmed, and the second order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the condemnor, payable by the claimant Ferguson Management Company, LLC.
In 2006, the condemnor, Village of Haverstraw, condemned property owned by the claimant Ferguson Management Company, LLC (hereinafter Ferguson), and leased by the claimant Executive Touch Landscaping & Construction, LLC (hereinafter Executive). The Village made advance payments of $575,000 to Ferguson for the fee and $61,044 to Executive for its fixtures. Both Ferguson and Executive challenged the sufficiency of the compensation paid by the Village.
Notwithstanding its advance payment to Ferguson of $575,000, at the trial on valuation, the Village offered an appraisal of the fee valuing it at $316,500, whereas Ferguson's appraiser valued it at $800,000. The Supreme Court concluded that, "[o]n the whole, [Ferguson] ha[d] provided more competent evidence to support [its] calculations than [the Village]," and that the fair market value of the property on the title vesting date was $721,671. With respect to Executive's trade fixture claim, the court deemed the Village's appraisal "irrelevant" to the issue before it and, thus, precluded the Village from proffering testimony regarding the value of the trade fixtures. The court found that Executive was not entitled to compensation for 142 of the fixtures for which it sought compensation, and that it was entitled to installation costs for only eight additional items. The court concluded that Executive was entitled to compensation for 58 fixtures and awarded it only $159,596 of the $973,000 it sought.
Both Ferguson and Executive moved for additional allowances pursuant to EDPL 701, contending that their respective awards substantially exceeded the Village's proof, and that additional allowances were necessary to achieve just and adequate compensation. The Supreme Court granted the claimants' motions to the extent of awarding an additional allowance of $106,480.73 to Ferguson and an additional allowance of $127,064.82 to Executive, with postjudgment interest at the rate of 9% annually. The Village appeals.
Pursuant to EDPL 701, where a court's award to a claimant in a condemnation proceeding is "substantially in excess of the amount of the condemnor's proof" and where the court deems it necessary to "achieve just and adequate compensation," the court may award the claimant an additional sum for costs including attorneys' and other fees. The goal of this statute is to " assure[ ] that a condemnee receives a fair recovery by providing an opportunity for condemnees whose property has been substantially undervalued to recover the costs of litigation establishing the inadequacy of the condemnor's offer'" (Matter of Village of Spring Val., N.Y., 171 AD3d 934, 935, quoting Hakes v State of New York, 81 NY2d 392, 397; see Matter of Village of Haverstraw [AAA Electricians, Inc.], 165 AD3d 955, 956; Matter of City of Long Beach v Sun NLF L.P., 146 AD3d 775, 776).
"The statute requires two determinations: first, whether the award is substantially in excess of the amount of the condemnor's proof' and second, whether the court deems the award necessary for the condemnee to achieve just and adequate compensation'" (Hakes v State of New York, 81 NY2d at 397, quoting EDPL 701; see Matter of Village of Spring Val., N.Y., 171 AD3d at 935; Matter of Village of Haverstraw [AAA Electricians, Inc.], 165 AD3d at 956; Matter of City of Long Beach v Sun NLF L.P., 146 AD3d at 776). " Where both tests are satisfied, the court may award reasonable fees'" (Matter of Village of Spring Val., N.Y., 171 AD3d at 935, quoting Hakes v State of New York, 81 NY2d at 397; see Matter of Village of Haverstraw [AAA Electricians, Inc.], 165 AD3d at 956; Matter of City of Long Beach v Sun NLF L.P., 146 AD3d at 777).
Notwithstanding the Village's trial proof reducing its valuation of the fee property from the sum offered as an advance payment, in applying the test set forth in EDPL 701, we look to the condemnor's initial offer, not its trial proof (see Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.], 160 AD2d 705, 709-710; see also General Crushed Stone Co. v State of New York, 93 NY2d 23, 27). Here, the Supreme Court's award of $721,671 exceeded the Village's advance payment of $575,000. While the difference is not insignificant, we find that it does not substantially exceed the Village's advance payment within the meaning of EDPL 701 (compare Matter of Metropolitan Transp. Auth., 86 AD3d 314, 327, Matter of Gelsomino v City of New Rochelle, 25 AD3d 554, 555, Matter of Metropolitan Transp. Auth. v Ausnit, 306 AD2d 190, Matter of Town of Islip v Sikora, 220 AD2d 434, 437, Matter of Town of Riverhead v Lobozzo, 207 AD2d 789, 790, Scuderi v State of New York, 184 AD2d 1073, and Karas v State of New York, 169 AD2d 816, with CMRC, Ltd. v State of New York, 16 AD3d 204, Matter of County of Tompkins, 298 AD2d 825, 826-827, and Matter of Village of Johnson City [Waldo's Inc.], 277 AD2d 773, 774-775). Accordingly, the court improvidently exercised its discretion in awarding an additional allowance to Ferguson.
Although the Village, in effect, concedes that the Supreme Court's award to Executive of $159,596 substantially exceeded its advance payment of $61,044, it correctly points out that Executive was unsuccessful as to the bulk of its claims for compensation and received an award of 16.4% of the $973,000 it sought. Contrary to the Village's assertion, since Executive's attorneys were compensated on a contingent basis, their fees were perforce proportionate to their success. Accordingly, the portion of the additional allowance awarded to Executive representing their fees should not be disturbed (see Matter of City of Long Beach v Sun NLF L.P., 146 AD3d at 777). Furthermore, under the circumstances, the court providently exercised its discretion in awarding Executive that portion of its attorneys' contingent fee which was based upon the award of prejudgment interest (see Adventurers Whitestone Corp. v City of New York, 65 NY2d 83, 85).
However, the same does not hold as to the portion of the additional allowance compensating Executive for its appraiser's fees. In permitting a court to award fees and costs in condemnation cases to "ameliorate the condemnee's costs in cases it considers appropriate" (Hakes v State of New York, 81 NY2d at 398), EDPL 701 "vests the trial court with discretion, in order to limit both the incentive for frivolous litigation and the cost of acquiring land through eminent domain" (Hakes v State of New York, 81 NY2d at 397; see Matter of Village of Port Chester [Bologna], 137 AD3d 802, 803; Matter of Town of Islip v Sikora, 220 AD2d at 436). Here, the Supreme Court awarded Executive compensation for its fixtures of only $159,596, only 16.4% of the $973,000 it claimed based upon its appraisal. Since Executive's appraiser was not compensated on a contingent basis, the Village is correct that much of his work did not contribute to Executive's recovery. In the exercise of discretion, we therefore reduce the portion of the additional allowance attributable to appraisal fees from $67,265 to $11,031.58 (i.e., 16.4% of the total fee) and modify the order and judgment in favor of Executive accordingly by reducing the principal sum awarded from $127,064.82 to $70,831.40.
General Municipal Law § 3-a(2) provides that the rate of interest on an award or judgment against a municipal corporation in a condemnation proceeding may not exceed 6% annually. Since Executive failed to articulate any basis why "as compared to the prevailing market rate the statutory rate is unreasonable," the Supreme Court should not have awarded postjudgment interest at the rate of 9% annually (Adventurers Whitestone Corp. v City of New York, 65 NY2d at 85; see Matter of Town of Islip v Sikora, 220 AD2d at 437; Matter of Town of Oyster Bay, 174 AD2d 676, 677-678). We therefore further modify the order and judgment in favor of Executive accordingly.
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court