Matter of Oakwood Beach Bluebelt, Stage 1 (2023 NY Slip Op 04593)

Matter of Oakwood Beach Bluebelt, Stage 1

2023 NY Slip Op 04593

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-02157
 (Index No. 4009/09)

[*1]In the Matter of Oakwood Beach Bluebelt, Stage 1. City of New York, appellant; Yeshivas Ch'San Sofer, Inc., respondent.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Adam C. Dembrow, Rochelle Cohen, and Michael Chestnov of counsel), for appellant.
Goldstein, Rikon, Rikon & Houghton, P.C., New York, NY (Ashley Levi, Michael Rikon, and Joshua Rikon of counsel), for respondent.

DECISION & ORDER
In a condemnation proceeding, the condemnor, City of New York, appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Wayne P. Saitta, J.), dated September 3, 2020. The order and judgment, insofar as appealed from, awarded the claimant attorneys' fees based upon interest that accrued while a prior appeal was pending as an additional allowance pursuant to EDPL 701.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In this condemnation proceeding, the condemnor, City of New York, initially offered to pay the claimant, Yeshivas Ch'San Sofer, Inc., $611,000 as compensation for the taking of its real property and made an advance payment in that amount. After a nonjury trial, the Supreme Court determined that the principal sum of $10,100,000 constituted just compensation for the taking of the claimant's real property. On a prior appeal, this Court reduced the award from the principal sum of $10,100,000 to $3,165,513 (see Matter of Oakwood Beach Bluebelt, Stage 1 [City of New York—Yeshivas Ch'San Sofer, Inc., 164 AD3d 1453, 1453).
Thereafter, the claimant moved pursuant to EDPL 701 for an additional allowance of, among other things, $799,627.64 in attorneys' fees. In an order and judgment dated September 3, 2020, the Supreme Court, inter alia, awarded the claimant $799,627.64 in attorneys' fees. In awarding attorneys' fees, the court relied on a contingency fee arrangement in counsel's retainer agreement, which provided for a fee equal to 20% of the excess of amounts received by the claimant, including interest, over the advance payment. The City appeals from so much of the order and judgment as awarded the claimant attorneys' fees based upon interest that accrued while the prior appeal was pending.
Pursuant to EDPL 701, where a court's award to a claimant in a condemnation proceeding is "substantially in excess of the amount of the condemnor's proof" and where the court deems it necessary to "achieve just and adequate compensation," the court may award the claimant [*2]an additional sum for costs, including attorneys' and other fees (see Matter of Village of Haverstraw, 180 AD3d 791, 794). The goal of this statute is to "'assure[ ] that a condemnee receives a fair recovery by providing an opportunity for condemnees whose property has been substantially undervalued to recover the costs of litigation establishing the inadequacy of the condemnor's offer'" (Matter of Village of Spring Val., N.Y., 171 AD3d 934, 935, quoting Hakes v State of New York, 81 NY2d 392, 397; see Matter of Village of Haverstraw [AAA Electricians, Inc.], 165 AD3d 955, 956; Matter of City of Long Beach v Sun NLF L.P., 146 AD3d 775, 776).
Here, the City does not dispute that the condemnation award was substantially in excess of the amount of the City's proof. Moreover, the Supreme Court providently exercised its discretion in determining that an additional award of attorneys' fees was necessary for the claimant to receive just and adequate compensation (see Matter of City of Long Beach v Sun NLF L.P., 146 AD3d at 776; see generally Hakes v State of New York, 81 NY2d at 398). Contingency fee arrangements are an acceptable factor to be considered by the court in determining reasonable attorneys' fees (see Matter of City of Long Beach v Sun NLF L.P., 146 AD3d at 777), and awards of attorneys' fees may include a portion based upon an award of prejudgment interest (see Matter of Village of Haverstraw, 180 AD3d at 794). Contrary to the City's contention, under the circumstances of this case, the court providently exercised its discretion in awarding the claimant that portion of its attorneys' contingency fee which was based upon the award of prejudgment interest while the prior appeal was pending (see id.).
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court