Washington v State of New York (2024 NY Slip Op 50513(U))

[*1]

Washington v State of New York

2024 NY Slip Op 50513(U) [82 Misc 3d 1240(A)]

Decided on April 12, 2024

Court Of Claims

Weinstein, J.

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 12, 2024
Court of Claims

Sharon
Washington, Claimant,

against
State of New York, Defendant.

Claim No. 128814

For Claimant:
Sanocki Newman & Turret, LLP
By: Maria K.
Morano, Esq.
For Defendant:
Letitia James, New York State Attorney
General
By: Kathleen M. Gizzo, Esq., Assistant Attorney General

David A. Weinstein, J.

The claim before me in this motion seeks to recover against defendant State of New
York for alleged medical malpractice in relation to treatment rendered to Sharon
Washington at the SUNY Health Science Center in Brooklyn during her stay in this
facility from February 24, 2016 through March 7, 2016 (Claim ¶¶ 3-4).
Discovery on this matter is complete, the Note of Issue was filed on March 25, 2019,
and the case was then scheduled for trial. On October 7, 2019, claimant's counsel
informed the Court that Ms. Washington had passed away on September 14, 2019. In
accordance with CPLR 1015(a) and 1021, no further action has been taken in this matter
pending the appointment of representatives of decedent's estate and an application to this
Court for their substitution in this claim [FN1]
(Affirmation of Maria K. Morano, Esq., dated September 25, 2023 ["Morano Aff"] at 3).
[*2]Such an application has now been made, but
defendant opposes it as untimely, and instead seeks dismissal of the claim. To address the
parties' arguments, a brief chronology is necessary.
About a year following Washington's death, claimant's counsel informed the Court
on August 31, 2020 that a petition had been filed in the Kings County Surrogate's Court
to "have one of the decedent's children" appointed as a representative of the estate
(Affirmation of Kathleen M. Gizzo, Esq., dated October 5, 2023 ["Gizzo Aff"], Ex
I).[FN2]
By order of the Kings County Surrogate's Court dated November 17, 2022, Letters of
Administration were issued and movants Shadasia Richardson and Jahvon Richardson
were appointed as Co-Administrators of Sharon Washington's estate (Morano Aff at 4,
Ex H). By motion filed September 25, 2023, pursuant to CPLR 1015, they now seek to
be substituted as the claimants in this matter, as representing Ms. Washington's
estate.
The motion papers reveal the following: On November 29, 2022, before making this
motion and within a week of the issuance of the Letters, movants' counsel presented the
Office of the Attorney General ("OAG") with a copy of the Letters and a proposed
stipulation and order for the substitution of the deceased claimant with the movants
(id. at 6, Ex O). The OAG declined to agree to such substitution (id.). At
the same time, the Court made inquiries of the parties as to the status of the case. Two
such inquiries—on January 11 and May 9, 2023—went unanswered, and
then claimant's counsel failed to attend a conference to address the status on May 31,
2023 (see Gizzo Aff ¶¶ 9-10 & Exs M-O).
In its cross motion for dismissal of the claim, defendant opposes the motion citing to
the Court of Claims Act § 15, which provides in relevant part as follows:
"In the event of the death of the claimant. . . and also in the event that by
assignment or by operation of law, some person other than the claimant named in the
claim has succeeded to the interest of one of the claimants named in such a claim, it shall
be the duty of the personal representative of said claimant or of the person who
succeeded claimant in interest to said claim or any interest therein within six months after
he becomes invested with the title to said claim or any interest therein, to secure from the
court of claims and serve upon the attorney-general an order substituting him as party to
said claim instead of the party named in said claim, to whose right, title and interest he
has succeeded, and in the event that he fails so to do, the court of claims on motion of the
attorney-general, on such notice as the court may require, to all parties who have
appeared in said action or proceeding or to the assignee or successor of the claimant may
dismiss said claim"
(see Gizzo Aff ¶¶ 10-11). The State takes the position that
since the motion for substitution was not filed until 10 months after the Letters were
issued—after the expiration of the six-month period referenced in section
15—the motion should be denied and the claim dismissed due to what defendant
characterizes as an "unreasonable" delay (id. ¶¶ 11-13). Although
defendant acknowledges receiving the proposed stipulation for substitution just days
after the November [*3]17, 2023 Letters were issued, it
does not explain its refusal to sign it, except to say that "it is under no obligation or duty
to stipulate to any substitution or agree to amend the caption of the action "( Reply
Affirmation of Kathleen M. Gizzo, Esq., dated October 18, 2023 ["Reply Aff"] ¶
2).
In opposition to the cross-motion, movants contend that the State unreasonably
declined to stipulate to their substitution for the deceased claimant and failed to even
return their counsel's multiple e-mails and phone messages. Thus, they argue that any
delay past the six-month time frame referenced in section 15 is attributable to the State's
unreasonable conduct (Affirmation in Opposition of Maria K. Morano, Esq., dated
October 17, 2023 ["Opp Aff"] ¶¶ 5-15). Discussion
Pursuant to CPLR 1015(a) and
1021, "an order of substitution . . .is effected within the Discretion of the court"
(Rosenfeld v Hotel Corp. of America, 20 NY2d 25, 28 [1967]). The mere
passage of time alone does not necessarily warrant denial of the motion and dismissal of
the claim (see id. at 29 [delay of 10 months, or even two years, in bringing
substitution motion is not unreasonable as a matter of law]). In determining whether a
substitution motion is made within a reasonable time frame, several factors should be
considered, "including the diligence of the party seeking substitution, prejudice to the
other parties, and whether the party to be substituted has shown that the action or the
defense has merit" (Reed v Grossie, 59 AD3d 509, 511 [2d Dept 2009]).
Moreover, in the absence of a showing of prejudice, a dismissal of the action has been
found to be "an improvident exercise of judicial discretion" (Petty v Meadowbrook
Distributing Corp., 266 AD2d 88, 88-89 [1st Dept 1999]).
As noted, the Court of Claims Act overlays on these principles a specific period of
time—six months—after which the Court "may" dismiss the matter if an
effort at substitution is not made. As the use of the word "may" makes clear, however,
"the language of the statute is permissive and not mandatory"—that is, the Court
has the discretion to dismiss the matter after the six-month period has elapsed, but is not
required to do so (see Pehel v State, 208 Misc 742, 744 [Ct Cl, 1955]; see also
Renna v State of New York, UID No. 2013-016-028 [Ct Cl, Marin, J., Aug 8, 2013]
[declining to dismiss claim when substitution made after expiration of six-month period];
Frazier-Mott v State of New York, UID No. 2012-009-023 [Ct Cl, Miday, J., Dec
10, 2012] [noting discretionary nature of dismissal for delay of more than six
months]).[FN3]

In deciding how to exercise my discretion in this instance, I note that neither party
has, to put it gingerly, acted in a manner likely to gain the Court's full sympathy. As
noted, claimant's counsel did not respond to two inquiries about the status of its
substitution, and then failed to appear at a conference on the matter. On the other hand,
this issue could easily have been resolved by defendant's stipulation to what was
essentially a ministerial matter, and apparently neither did so nor responded to movants'
request. It is of course true, as defendant asserts, that it was not required to
stipulate to anything. But it has given no good reason (or, indeed, no reason at all) why it
would not do so. While it may be defendant's prerogative to fold its arms, shake its head
and hold its breath when asked to agree to what appears to be a perfectly appropriate
substitution, it cannot expect that the Court will leap at the chance to dismiss the matter
due to the delay brought about (at least in part) by its own unexplained refusal to move
the case along.
At the end of the day, defendant has made no showing that it suffered any prejudice
by reason of the claimant's delay in this matter, and the delay following the six-month
time frame set [*4]forth in the Court of Claims Act has
been relatively modest. Add to that the "strong public policy favoring the resolution of
cases on the merits" (Chevalier
v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413—414 [1st Dept
2011]), the fact that movants here did not sit on their hands after receiving their letters
but promptly sought a stipulation, and the relatively modest nature of the delay following
the expiration of the six-month period, even when weighed against some frustrating
conduct by claimant's counsel, I see no reason to exercise my discretion in favor of
dismissal here.
Accordingly, it is
ORDERED that the motion for substitution (M-99963) is granted, and it is
further
ORDERED that the cross-motion (CM-100013) is denied it its entirety
Albany, New York
April 12, 2024
DAVID A. WEINSTEIN
Judge of
the Court of Claims
Papers Considered:
1. Notice of Motion
and Affirmation of Maria K. Morano, Esq., dated September 25, 2023, with Exhibits
annexed thereto.
2. Notice of Cross-Motion and Affirmation
in support of Cross-Motion and in Opposition to Motion of Kathleen M. Gizzo, Esq.,
dated October 5, 2023, with Exhibits annexed thereto.
3.
Affirmation in Opposition of Maria K. Morano, Esq., dated October 17, 2023, with
Exhibits annexed thereto.
4. Reply Affirmation of Kathleen
M. Gizzo, Esq., dated October 18, 2023.

Footnotes

Footnote 1:CPLR 1015(a) states: "If
a party dies and the claim for or against him is not thereby extinguished the court shall
order substitution of the proper parties." CPLR 1021 provides in pertinent part that "if
the event requiring substitution occurs before final judgment and substitution is not made
within a reasonable time, the action may be dismissed as to the part for whom
substitution should have been made, however, such dismissal shall not be on the merits
unless the court shall so indicate . . . " (CPLR 1021 [emphasis supplied]).

Footnote 2:As defendant points out,
in a previous e-mail, claimant's counsel stated that no citation had been issued, without
revealing that a petition had yet to be filed (see Gizzo Aff ¶ 6 &amp, Ex G).

Footnote 3:Court of Claims
opinions are found at 
https://iapps.courts.state.ny.us/search/begin?2 .