Wesley Hills Ctr., LLC v State of New York (2024 NY Slip Op
50510(U))

[*1]

Wesley Hills Ctr., LLC v State of New York

2024 NY Slip Op 50510(U) [82 Misc 3d 1240(A)]

Decided on April 25, 2024

Court Of Claims

Mejias-Glover, J.

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 25, 2024
Court of Claims

Wesley Hills
Center, LLC, Claimant,

against
The State of New York,
Defendant.

Claim No. 125356

FOR CLAIMANT:
FUFIDIO LAW, PLLC
By: Michael M. Fufidio,
Esq.
FOR DEFENDANT: 
Letitia James, Attorney General
By: James Gardner Ryan, Esq., AAG

Linda K. Mejias-Glover, J.

Claimant, Wesley Hills Center, LLC, brought this motion pursuant to Eminent
Domain Procedure Law (EDPL) § 701 for an Order granting it an additional
allowance in the sum of $334,660.98, composed of the following: for Attorney's fees:
Contingency: $11,247.65, and Contingency: $280.851.38; for expert fees: Appraiser
$24,815.21, and Engineer: $15,194.78; for trial related disbursements: $2,551.96, all
incurred to achieve an award of just compensation for the State's appropriation, which
award of just compensation was substantially in excess of the State's advance payment.
Defendant, the State of New York, opposes the motion.
The underlying facts are as follows: on January 22, 2013, the Defendant took by
eminent domain a piece of land, measuring approximately 6,025 square feet long, along
the frontage of Route 306 in the Village of Wesley Hills, Rockland County. Defendant
also took a temporary easement over the adjoining areas for the purpose of constructing a
handicapped accessible sidewalk and bus shelter in front of the shopping center. This
land was part of a shopping center owned by Claimant. The taking resulted in
nonconformities in parking spaces and the loss of a landscape buffer. Defendant offered
Claimant $157,000.00 for the taking.
Following a trial on the matter, the Court rendered a Decision dated February 26,
2018 (Scuccimarra, J.), (hereinafter, the "Trial Decision") awarding total damages to the
Claimant as follows: "$96,000.00 directed damages for the fee; $580,000.00, severance
damages, $52,000.00 for improvements taken and $27,160.00 for the temporary
easement, or $755,160.00 total, together with statutory interest thereon from the accrual
date of January 22, 2013 ". Defendant then moved for an order pursuant to CPLR
§§ 2201, 4404 (b), and 4406, vacating the [*2]Court's trial decision, staying entry of judgment, and
issuing a new decision, and Claimant opposed the motion. The motion was granted by
Decision and Order filed on September 12, 2018 (Scuccimarra, J.) to the extent that the
Court modified its Trial Decision by awarding Claimant $148,000.00 in direct damages
for the fee taking, $432,000.00 in consequential damages, and $27,160.00 in damages
due to the temporary easement, for total damages amounting to $607,160.00, plus
statutory interest thereon from the accrual date of January 22, 2013 to the date of the
Court's Trial Decision with suspension of interest between March 27, 2018 until August
27, 2018. An appeal was taken from that part of the judgment awarding consequential
damages for injury to the remaining property. The award was affirmed.
The Court of Appeals, summarizing § 701, stated that "[t]he statute requires
two determinations: first, whether the award is 'substantially in excess of the amount of
the condemnor's proof' and second, whether the court deems the award necessary 'for the
condemnee to achieve just and adequate compensation.' Where both tests are satisfied,
the court may award reasonable fees" (Hakes v State of New York, 81 NY2d
392, 397 [1993]). To determine whether an award is "substantially in excess" of the
initial offer, it must be more than a nominal difference (In re County of
Tompkins, 298 AD2d 825, 826 [3d Dept 2002] [22.8% is not substantial]). Here,
there is no question that the award of $607,160.00 (held up on appeal) far exceeds the
State's offer of $157,000.00. Indeed, the difference is 287%[FN1]
, which is clearly within the definition of "substantial." Therefore, the Court finds that
Claimant meets the first prong of the test.
The Court must now turn to the second prong of the analysis: whether the additional
allowance is necessary for the Claimant to achieve just compensation. Claimant
submitted a retainer agreement to support the claim for attorneys' fees, which provides
that counsel shall be entitled to "thirty-three 33% of all amounts paid or obtained for said
property over and above the advance payment". This is a standard contingency fee
arrangement which has been routinely accepted because that calculation directly ties the
amount paid to counsel to the amount recovered after a trial. (see Ronmar Realty, Inc.
v State of New York, UID No. 2015-049-027 [Ct Cl Weinstein, J., April 30, 2015]).
Given the State's initial offer, Claimant had to either accept this low offer or proceed
with filing a claim and conducting a trial, which would require the skills of an
experienced attorney. Here, those skills did result in a substantial award. Therefore,
Claimant's request for its attorneys' fees of $ 292,099.03 ($11,247.65 + $280,851.38) is
appropriate and reasonable.
Claimant is also seeking $2,551.96 in trial related disbursements. The Court finds
them to be reasonable and allowable.
Additional allowance sought by Claimant is for expert fees: $24,815.21 for the
Appraiser and $15,194.78 for the Engineer. To determine the reasonableness of that
request, the Court considers the trial decision to determine the weight given to Claimant's
expert in arriving at the final award. In that decision, Judge Scuccimarra relied primarily
on the Claimant's appraiser and engineer in formulating the award. Therefore, it is clear
that the experts' opinions were necessary for the Claimant to receive just
compensation.
Accordingly, Claimant's motion is granted; and it is hereby
ORDERED that Judgement be entered in favor Claimant for an additional
allowance of [*3]$ 292,099.03 in attorneys' fees,
$2,551.96 in trial related disbursements, and $24,815.21 for the Appraiser and
$15,194.78 for the Engineer, pursuant to EDPL §701, without interest.
Dated: April 25, 2024
Hauppauge, New York
HON. LINDA K.
MEJIAS-GLOVER,
Judge of the Court of Claims
Papers
Read:
1. Notice of Motion for the Grant of Additional Allowance
Pursuant to EDPL § 701, Affirmation of Counsel, Affidavits of Eric Bergstol,
Ronald Haberman, William Lahti, Memorandum of Law, Exhibits
Annexed
2. Affirmation in Opposition

Footnotes

Footnote 1:Calculated as follows:
($607,160.00 - 157,000.00) ÷ $157,000.00 = 2.867 = 287%