Matter of Village of Haverstraw (Ray Riv. Co., Inc.) (2024 NY Slip Op 06203)

Matter of Village of Haverstraw (Ray Riv. Co., Inc.)

2024 NY Slip Op 06203

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-06485
2023-00016
 (Index No. 8853/07)

[*1]In the Matter of Village of Haverstraw, appellant; Ray River Co., Inc., et al., respondents.

Zarin & Steinmetz, LLP, White Plains, NY (David J. Cooper and Lee Lefkowitz of counsel), for appellant.
Goldstein, Rikon, Rikon & Levi, P.C., New York, NY (Ashley Levi and Michael Rikon of counsel), for respondents.

DECISION & ORDER
In a claim pursuant to EDPL article 5 for compensation arising from the condemnation of real property, the condemnor, the Village of Haverstraw, appeals from (1) an order of the Supreme Court, Rockland County (Bruce E. Tolbert, J.), dated June 8, 2022, and (2) an order and judgment (one paper) of the same court (Anne E. Minihan, J.) entered November 25, 2022. The order granted the claimants' motion for an additional allowance pursuant to EDPL 701 to the extent of awarding them the principal sum of $1,503,916.85. The order and judgment granted the same relief and is in favor of the claimants and against the condemnor in the principal sum of $1,503,916.85, with postjudgment interest at the rate of 6% annually.
ORDERED that the appeal from the order is dismissed, as the order was superseded by the order and judgment; and it is further,
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the claimants.
In this claim pursuant to EDPL article 5 for compensation arising from the condemnation of real property, the condemnor, the Village of Haverstraw, initially offered the claimants $1,190,000 as compensation for the taking of their real property and made an advance payment in that amount. After a nonjury trial, the Supreme Court determined that the principal sum of $8,950,000 constituted just compensation for the taking of the claimants' real property and entered judgment accordingly. On a prior appeal, this Court reversed the judgment and remitted the matter to the Supreme Court for a new calculation of the claimants' just compensation damages (see Matter of Village of Haverstraw [Ray Riv. Co., Inc.], 191 AD3d 994, 999). In a stipulation of settlement dated June 23, 2021, the claimants agreed to accept $5,964,790, plus interest at the rate of 6% annually from March 27, 2008, until the date of payment as just compensation for the taking of their real property.
Thereafter, the claimants moved pursuant to EDPL 701 for an additional allowance [*2]of $1,569,736.12, which included $1,424,964.93 in attorneys' fees, $67,605.46 in appraisal fees, $51,313.70 in other expert fees, and $25,852.03 in additional costs, disbursements, and expenses. In an order and judgment entered November 25, 2022, which superseded an order dated June 8, 2022 (see Matter of Village of Haverstraw [AAA Electricians, Inc.], 165 AD3d 955, 956), the Supreme Court granted the claimants' motion for an additional allowance pursuant to EDPL 701 to the extent of awarding them the principal sum of $1,503,916.85, with postjudgment interest at the rate of 6% annually. Specifically, the court awarded the claimants $1,424,954.93 in attorneys' fees, $67,605.46 in appraisal fees, $9,720 in other expert fees, and $1,636.46 in filing fees and other fees, but rejected the remainder of the fees and costs requested by the claimants. The condemnor appeals.
Pursuant to EDPL 701, where a court's award to a claimant in a condemnation proceeding is "substantially in excess of the amount of the condemnor's proof," and where the court deems it necessary to "achieve just and adequate compensation," the court may award the claimant an additional sum for costs, including attorneys' and other fees (see Matter of Oakwood Beach Bluebelt, Stage 1 [City of New York—Yeshivas Ch'San Sofer, Inc.], 219 AD3d 1335, 1336; Matter of Village of Haverstraw, 180 AD3d 791, 793). The goal of this statute is to "'assure[ ] that a condemnee receives a fair recovery by providing an opportunity for condemnees whose property has been substantially undervalued to recover the costs of litigation establishing the inadequacy of the condemnor's offer'" (Matter of Village of Spring Val., N.Y., 171 AD3d 934, 935, quoting Hakes v State of New York, 81 NY2d 392, 397).
Here, the claimants demonstrated that the condemnation award was substantially in excess of the amount of the condemnor's proof since their submissions established that the final market value the condemnor paid for the taking of the claimants' real property was 401% greater than the condemnor's initial offer. Moreover, the Supreme Court providently exercised its discretion in determining that an additional allowance was necessary for the claimants to receive just and adequate compensation (see Matter of Oakwood Beach Bluebelt, Stage 1 [City of New York—Yeshivas Ch'San Sofer, Inc.], 219 AD3d at 1336; see also Hakes v State of New York, 81 NY2d at 398). The sliding scale contingency fee charged by the claimants' attorneys was reasonable in light of the condemnor's undervaluation of the claimants' property and the protracted effort required to establish the inadequacy of the condemnor's offer (see Matter of Haverstraw [AAA Electricians, Inc.], 165 AD3d 955, 956), and, contrary to the condemnor's contention, the attorneys' fees were "perforce proportionate to their success" (Matter of Village of Haverstraw, 180 AD3d at 795). Contrary to the condemnor's contention, under the circumstances of this case, the court providently exercised its discretion in awarding the claimants that portion of their attorneys' contingency fee which was based upon the award of prejudgment interest (see Matter of Oakwood Beach Bluebelt, Stage 1 [City of New York—Yeshivas Ch'San Sofer, Inc.], 219 AD3d at 1337; Matter of Village of Haverstraw, 180 AD3d at 795).
The condemnor's remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court